## RIGSBY *v.* THE STATE OF INDIANA.

[No. 21,522.    Filed May 24, 1910.]

1. HOMICIDE.—*Presumption of Innocence.—Overcoming.—Instructions.*—An instruction in a homicide case that the defendant is presumed to be innocent, and that such presumption follows him throughout the trial unless overcome by evidence of guilt beyond a reasonable doubt, is correct. p. 286.

2. TRIAL.—*Instructions.—Applicability to Evidence.*—Instructions requested which are not applicable to the evidence should be refused. p. 286.

3. HOMICIDE.—*Killing.—Effect of, Considered alone.—Instructions.*—In a prosecution for homicide, the evidence tending to show that defendant, after quarreling with decedent, went home, secured a knife, returned, started a quarrel and killed decedent, an instruction that if the jury should find beyond a reasonable doubt that defendant killed the decedent, that fact alone would not justify a verdict of guilty, was properly refused. p. 287.

4. TRIAL.—*Instructions.—Duplication.*—It is not erroneous to refuse instructions already covered by those given. p. 287.

5. HOMICIDE.—*Self-Defense.—Instructions.*—An instruction, in a homicide case, that if decedent assaulted defendant in such a manner as reasonably to warrant defendant in believing himself to be in imminent danger of death, or great bodily harm, and he did so believe, he might immediately use reasonably necessary force to repel such assault, and if death followed, defendant would not be guilty of an unlawful homicide, is not erroneous. p. 288.

6. HOMICIDE.—*Verdict.—Unanimity of Jurors.—Instructions.*—An instruction, in a homicide case, that if, after conferring with the other jurors, any one entertains a reasonable doubt of defendant's guilt, he cannot properly consent to a verdict of guilty, is not prejudicial to defendant. p. 288.

7. HOMICIDE.—*Wounds.—Death from Want of Medical Assistance.—Instructions.*—An instruction that if defendant inflicted wounds upon decedent, that such wounds were not necessarily fatal, that if decedent died because of want of medical attention, and that no other cause intervened, defendant would be guilty to the same extent as though decedent had died immediately, is correct. p. 289.

8. HOMICIDE.—*Use of Deadly Weapon.—Presumptions.—Instructions.*—An instruction, that if a mortal wound was inflicted, by defendant, with a deadly weapon, in his previous possession, without any, or upon very slight provocation, such assault is *prima facie* presumed to be wilful and premeditated, is properly given, where the evidence shows that, after a saloon quarrel, defendant hastened home, secured a knife, returned, renewed the quarrel and mortally wounded decedent. p. 290.

9. HOMICIDE.—*Use of Deadly Weapon.—Inferences.*—The intent to kill may be inferred from the voluntary use of a deadly weapon; and if death ensues, the homicide is *prima facie* wilful and premeditated. p. 290.

From Madison Circuit Court; *John F. McClure*, Judge.

Prosecution by The State of Indiana against VanDyke J. Rigsby, whose correct name is Grigsby. From a judgment of conviction, defendant appeals. *Affirmed.*

*Arthur H. Jones,* for appellant.

*James Bingham,* Attorney-General, *A. G. Cavins, E. M. White* and *W. H. Thompson,* for the State.

HADLEY, J.—Appellant was convicted of murder, and sentenced to the state prison for life.

The only alleged errors presented for our consideration arise upon the giving and refusing to give certain instructions to the jury.

In the second instruction given, the court directed the jury that defendant is presumed to be innocent of any crime, and this presumption follows him throughout the various stages of the trial, and should prevail unless overcome by the evidence of his guilt beyond a reasonable doubt. It is argued that this language implies that the testimony of one witness early in the trial may have the effect to overcome the presumption of innocence, and thereafter it is no longer necessary to weigh the evidence in the light of such presumption.

The argument is unsound. The clear meaning of the charge was that the presumption must be indulged not only at the beginning, but must follow defendant through all stages of the trial, and prevail in his acquittal if, upon the whole evidence, his guilt was not shown beyond a reasonable doubt. The instruction was proper.

The refusal of the court to give appellant's request number thirteen is next complained of. But little of the proposition was pertinent to the evidence. The defendant himself did not pretend to claim that the blows dealt decedent were not purposely struck, or that the death of decedent was not the direct and natural result of the blows struck by defendant, unaffected by any other cause or agency. The request was properly refused.

The refusal to give request number twenty was not error. It was in these words: "If you find beyond a reasonable doubt that defendant killed decedent, that fact alone

3. would not justify you in finding defendant guilty in this case." The proposition was too narrow. There are cases—and this comes near being one—in which the statement may be absolutely erroneous. The propriety of such an instruction depends upon the character of the evidence. If the homicide was the only controverted question, then the charge would have been clearly erroneous. Whether, in this case, it was the only controverted question, was undoubtedly for the jury.

It was shown by the uncontradicted evidence of eyewitnesses, that the crime was committed in a saloon in Alexandria; that defendant and decedent met in the saloon, were drinking, and had a quarrel over a game of cards; that defendant left the saloon and rapidly went five or six blocks to his home, got a pair of pants, took the pants to a pawnshop, substituted the pants for a knife he had at the place in pledge for a loan, took the knife, and with it hurried back to the saloon. Some of the witnesses say he went running, entered the saloon with the open knife in his hand, at once reopened the quarrel with decedent, and upon decedent's taking hold of a chair, or throwing it without hitting defendant, the latter sprang upon decedent with the knife, and inflicted the wounds of which he died a few hours later.

There is no doubt from the evidence that the jury would have been justified in finding that there was no question in the case but the cause that produced the death of the decedent.

It is also asserted that the refusal of proposition twenty-one, relating to the right of self-defense and the unanimity of the jury, was erroneous. On both the points made

4. the court directed the jury more elaborately and favorably to defendant than the paucity and character

of the evidence justified. The jury was informed by charges thirty-eight and forty-eight that if the assault of the attacking party be of such a character and so imminent, considering his situation and apparent surroundings, as to warrant the party assaulted in believing that he was in danger of the loss of life or of great bodily harm, and he did so believe, he might without delay use such means as might be at hand and might reasonably seem to him to be necessary to repel the apprehended danger of attack, and if death followed as a result thereof he would not be guilty of an unlawful homicide, and if in such case the danger appeared to be real, and was reasonably believed by him to be so, the fact, if such be the fact, that the danger was not real, but only apparent, and in fact he was not in danger, would not render him guilty, for the question of apparent necessity as well as the amount of force necessary to employ to resist an attack could only be determined from the standpoint of defendant at the time and under all existing circumstances. Men when threatened with danger must determine from the appearance and actual state of facts concerning them as to the necessity of resorting to force in self-defense, and if they act with reasonable and honest conviction they will not be held responsible for a mistake as to the extent of actual danger where other judicious men would have been mistaken.

One of the instructions given by the court was as follows: "The law contemplates the concurrence of the twelve jurors in the proposition of guilt before a conviction can be had. If, after considering all the evidence and circumstances in the case, and conferring with his fellow jurors, any one of the jurors entertains a reasonable doubt of the guilt of defendant, he cannot consent to a verdict of guilty. You are, therefore, instructed that before a verdict of guilty can be returned, each juror must for himself find that defendant is guilty beyond a reasonable doubt."

As statements of the law, there is surely no just grounds

Rigsby v. State—174 Ind. 284.

for complaint by defendant that they do not present the law fairly to him.

The evidence tended to prove that decedent fell from his wounds, and lay prostrate upon the floor for thirty minutes before he received attention from any one, that the immediate cause of death was excessive hemorrhage, and that the wounds inflicted upon him by defendant were not of themselves necessarily fatal, but with proper and timely treatment were probably curable. Concerning these facts the court refused to charge the jury as follows: "If you have a reasonable doubt as to whether decedent came to his death as a result of the assault, or from the negligence or acts of others after the assault was committed, then you should acquit defendant."

In lieu of the request, the court charged the jury, in effect, that if it was shown beyond a reasonable doubt that defendant unlawfully inflicted upon decedent a wound not necessarily fatal, but which might, by timely and skilful medical care, have been cured, and that the death of decedent resulted probably because of the absence of such medical care, yet, if no cause of death intervened other than the absence of such medical attention and care, defendant is liable to the same extent as though death had resulted immediately from the wounds inflicted by him. Without stopping to analyze the proposition requested by defendant, it is enough to say that the proposition given by the court fully covered the same subject in terms quite as favorable to defendant as the law warrants, and leaves him no ground of complaint. See *Kelley* v. *State* (1876), 53 Ind. 311, 316, and cases collated; Gillett, Crim. Law (2d ed.) §512; 2 Bishop, Crim. Law (8th ed.) §639, subd. 2.

The rule laid down by Lord Hale (1 Hale, Pleas of the Crown *428) seem to be generally adopted by American courts. It is as follows: "If a man receive a wound, which is not in itself mortal, but either for want of helpful appli-

cations, or neglect thereof, it turns to a gangrene, or a fever, and that gangrene or fever be the immediate cause of his death, yet, this is murder or manslaughter in him that gave the stroke or wound.''

There is even a stronger reason to say that he who feloniously severs a blood-vessel in a fellow creature, whereof the wounded man dies of an excessive loss of blood, which he could not prevent for want of assistance, is guilty of the homicide. In such case the wound causes the hemorrhage and the hemorrhage the death, with respect to which it is observed in 2 Bishop, Crim. Law (8th ed.) §639, subd. 2: ''If it [the wound] is the cause of the cause, no more is required.''

Lastly, it is insisted that the court erred in instructing the jury that a ''mortal wound given with a deadly

8.　weapon, in the previous possession of the slayer, without any or upon very slight provocation, is *prima facie* wilful and premeditated.''

It is everywhere accepted that one should be held to intend the natural and probable consequences of his voluntary deliberate act. From this principle has sprung the

9.　rule, that when one voluntarily makes use of a deadly weapon in such manner as will likely produce death, the purpose to kill may be inferred from the act, or, in other words, if death ensues, the homicide is *prima facie* wilful and premeditated. *Newport* v. *State* (1895), 140 Ind. 299; *Deilks* v. *State* (1895), 141 Ind. 23, 26; *Brown* v. *State* (1897), 147 Ind. 28, 33.

The defendant's own testimony in this case shows there was no provocation for the assault other than a trifling, drunken quarrel over a game of cards, in which no threats or attempts at violence were made, and which occurred two and one-half hours before the assault. The absence of excuse for taking the life of decedent is further illustrated by the conduct of defendant, as stated in the former part of this opinion, when he left the saloon after the quarrel and de-

liberately went five squares to his home, thence to the pawn-shop for the purpose of equipping himself with the deadly weapon, and when thus prepared proceeded directly to the saloon, and without any provocation, or upon the slight one mentioned, drove the deadly knife three times into the body of decedent, and the last time after decedent had fallen to the floor. We think the facts in evidence fully warranted the instruction given.

We find no error in the record. Judgment affirmed.