## TAYLOR *v.* STATE OF INDIANA.

[No. 25,706. Filed July 2, 1929.]

William A. McClellan, for appellant.

James M. Ogden, Attorney-General, and George W. Hufsmith, Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged by indictment with killing Earl Cook, by unlawfully, feloniously, purposely and maliciously, but without premeditation, shooting him with a pistol. Appellant pleaded not guilty. Trial resulted in a verdict of guilty. The appeal is from the judgment upon the verdict, and is predicated upon the action of the court overruling appellant's motion for a new trial, for the reasons that the verdict is not sustained by sufficient evidence and is contrary to law.

Appellant's sole proposition is that the evidence fails to establish that he purposely and maliciously killed Earl Cook, which proposition rests upon whether or not appellant, in shooting Earl Cook, did so in self-defense.

The following facts are in evidence in support of the indictment: Appellant had known Cook for several months prior to the homicide and they were together frequently. The day of the homicide Cook and three others gathered at appellant's home, where Cook had been painting some furniture. Appellant's home consisted of three rooms and a toilet room. The sole entrance to the toilet room was through a door from the kitchen. Cook was intoxicated. One of the persons told appellant that he had two quarters he wanted to spend, and asked for whisky; then Cook said, "Make it four ways." All but appellant were then in the kitchen; then appellant went to the lounge, got something (what he got is not in evidence),

and went into the kitchen. At the time appellant went into the kitchen where the other four persons were, Cook had a putty knife in his left hand, which he was shaking. Cook and appellant engaged in talking to each other, and each was profanely cursing, but there were no blows struck by either of them. Cook was shaking the putty knife when appellant, as he came out of the toilet room, said to him, "Don't do that, boy. Look out, boy"; and then appellant drew the pistol from his clothing and shot Cook. The shot penetrated Cook's breast above his heart, and passed through his body. He died within a few minutes after the shot was fired. Appellant and Cook had not fought or scuffled with each other before the shot was fired. There was no indication, by disarrangement of furniture, that a fight had occurred before the shooting. The foregoing narration of the evidence is that given on behalf of the State and most favorable to it.

Appellant testified in his own behalf to the effect that he put the pistol in his pocket when Cook first came into the house and before Cook began varnishing the furniture; that Cook threatened to injure him, when one of the other men present, just before the homicide, said to appellant that he had two quarters that he wanted to spend, and that Cook struck at appellant with a knife, and said, as he struck, "I'll fix you, . . . "; and that, on Tuesday, prior to August 1, 1928, when the homicide occurred, Cook pointed a gun at appellant, and appellant grasped the gun and twisted it from Cook's hand, removed the cartridges from it, and returned the gun to him, and that Cook said, "Some of these times I am going to come in here and I am going to make you put them up; when I tell you to put your nose on the floor I mean to be snappy about it," etc.; and that, on another occasion, Cook cut appellant's coat with a knife when he was running away from Cook. Appellant testified that he believed "he

was in danger of being harmed by Cook," but that he and Cook had had no argument before the shooting, and that, although he did not want to be hurt by Cook, he was not afraid of him, and that Cook was slightly intoxicated.

The use of the pistol to shoot Cook implies malice. Appellant's act of shooting Cook in a vital part of his body is *prima facie* proof that he intended to murder Cook, for, shooting at the part of Cook's body with so powerful a pistol that the shot passed through Cook's body shows a deliberate intent to bring about the probable consequences of the act. And the presumption of malice stands until rebutted by competent evidence. The malice shown here is sought to be rebutted by evidence of the necessity that appellant defend himself by killing Cook. It is evident the jury thought the evidence insufficient to support self-defense, and insufficient to rebut the malice shown by the use of the pistol.

The rule in criminal law is that one should be held to intend to effect the natural result of his voluntary and deliberate act, which is malice. *Welty* v. *State* (1912), 180 Ind. 411 (3, 10), 100 N. E. 73; *Rigsbey* v. *State* (1910), 174 Ind. 284 (9), 91 N. E. 925.

The jury, upon consideration of all the evidence, found, as an ultimate fact, that appellant was not warranted in shooting Cook in self defense—to save his own life, or to save himself from great bodily harm. Cook was intoxicated and unarmed, unless to hold and flourish a putty knife is to be armed. Theretofore, when Cook had drawn a loaded gun on appellant, appellant had disarmed him of it, unloaded it, and returned it to Cook. Appellant's testimony, if believed, is not sufficient to impel the jury to have found it to be a fact that appellant was warranted in shooting Cook to defend

himself against the infliction of great bodily harm or against death.

It was not error to overrule appellant's motion for a new trial.

Judgment affirmed.