## WOOD *v.* STATE OF INDIANA.

[No. 26,133. Filed October 11, 1934.]

*Cheney & Tolen,* for appellant.

*James M. Ogden,* Attorney-General, and *Merl M. Wall,* Assistant Attorney-General, for the State.

HUGHES, C. J.—The appellant, together with Caldonia Price and Dale Hendricks, were jointly charged by affidavit in the Shelby Circuit Court on a charge of violating the liquor law of the State. There were two counts in the affidavit: one count for unlawfully manufacturing intoxicating liquor, and the other for the unlawful possession of a still and distilling apparatus.

There was a plea of not guilty by all three, and a jury trial. The defendants, Caldonia Price and Dale Hendricks, were acquited upon a peremtory instruction by the court. The appellant was convicted on the second count, and fined One Hundred Dollars ($100.00) and sentenced to the Indiana Women's Prison for a period of not less than one nor more than five years.

The errors relied upon for a reversal are as follows: the trial court erred in overruling appellant's motion for a new trial. In her motion for a new trial she sets out three reasons as follows: (1) The court erred in refusing to grant her motion for a peremptory instruc-

tion to the jury to return a verdict of acquittal; (2) that the verdict is contrary to law; and (3) that the verdict is not sustained by sufficient evidence.

The affidavit against the appellant was filed in the Shelby circuit court on January 8, 1931, and the trial was had on March 30, 1931. The evidence shows that the appellant was seventy-seven years of age at that time, and lived near the city of Shelbyville, in a house owned by one Adam Dill. About three hundred feet from the house was a garage also owned by Mr. Dill. Attached to and a part of the garage was a toilet house which was used by the appellant and others. There was a seat in the toilet that was so made and arranged, that when lifted up an entrance was open to a basement under the garage. In this basement the Sheriff and his deputies found a still, seven barrels of mash, jars, jugs, bottles, caps, and coal oil lamps. There was a tunnel made out of oil barrels running from the basement out and under a junk pile. The tunnel was large enough for a two hundred pound man to enter.

The premises were searched under a search warrant.

There was nothing in the garage except two automobiles neither of which was owned by the appellant, and there was no way to reach the basement under the garage from the garage. The evidence shows that the appellant had no control over the garage and that the owner, Mr. Dill, has stated to her he would not rent the garage. The evidence does show that the appellant had the key to the garage, but it also shows that Dill had a saw of the appellant's which he had been using in the garage, and he gave the key to appellant for the purpose of getting the saw. There is no evidence to show that the appellant used or had any control whatsoever over the garage.

In the basement under the garage where the still

and mash were found, there were pieces of oranges found in the mash, and in the chicken lot of the appellant there were also found the peelings of oranges. This evidence apparently carried considerable weight with the jury. The house in which the appellant lived was also searched and no liquor of any kind or still was found. It also appears from the evidence that in 1929 the appellant was convicted on a charge of having unlawful possession of intoxicating liquor.

It appears from the evidence that Dill, who owned the property in which the appellant lived, and the garage, also owned other property in the same vicinity and lived there.

Caldonia Price and Dale Hendricks, who were charged in the affidavit with the appellant, were living with the appellant at the time of their arrest and had been for some time. According to the evidence of Caldonia Price, the appellant had been injured from a fall and was under the care of Dr. Keeney. There is no evidence in the record to dispute this fact. There is a total lack of evidence, either direct or positive, to show that the appellant was ever in or about the basement in which the still was found; nor is there any evidence to show that any of the property found there was owned or controlled by the appellant.

If the conviction in this case can be upheld, it must rest upon the fact that some orange peelings were found in her chicken yard, and that she had access to, and used the toilet connected with the garage, and from which there was an entrance to the basement where the still was found. It should be remembered however, that the appellant was not the only one who used the toilet, and also that there was an entrance to the basement through the tunnel. And there is no evidence that appellant constructed either the tunnel or the entrance from the toilet.

In this case the State relies entirely upon circumstantial evidence, and the Attorney-General asserts that the evidence is sufficient to sustain the verdict and judgment. In the case of *Howard* v. *State* (1923), 193 Ind. 599, 602, 141 N. E. 341; the court said: "While this court will indulge every reasonable inference which may be drawn from the evidence in support of the finding of the trial court, yet such inference must be drawn from premises established by proof, that is to say, where, as here, the state relies entirely upon circumstantial evidence, it must, by probative facts consistent with each other, establish the ultimate and essential facts necessary to a conviction, or, in other words, the proved facts and circumstances must be such that the court or the jury trying the case may, by mental process and experience, reasoning from cause to effect, reasonably and naturally infer to a moral certainty the existence of the facts sought to be proved. However, in this jurisdiction an appellate tribunal is limited in its investigation to the question of whether or not there was evidence tending to prove the premises, or circumstantial evidence from which the court or jury might have reasonably drawn an inference of guilt, or either guilt or innocence of the accused. Then, in either case, the question would be one within the exclusive province of the trial court, but when there is a want of evidence to prove subsidiary facts justifying an inference of an essential fact or facts, or that such fact or facts must have resulted from an inference wholly contrary to human experience and the natural relation of things, the question is one of law." So, in this case there is a want of evidence to prove subsidiary facts justifying an inference of an essential fact or facts necessary to be proven in order to sustain the verdict and judgment.

In the case of *Hiner* v. *State* (1925), 196 Ind. 594, 598, 149 N. E. 168, we find facts very similar to those

in the instant case, and the court said: "It was within the province of the court in this case to weigh the evidence, but such mental process goes to the truth or falsity of the evidence, and does not extend to a calculation on the mere suspicions, possibilities, suppositions, to support the finding of guilty. . . . In the consideration of cases which rest partially or wholly upon circumstantial evidence, each case must be acted upon wholly by itself, and the result is to be determined from the circumstances peculiar to it. But all the circumstances as proved must be consistent with each other, and, taken together, they must point surely and unerringly in the direction of guilt. In the case at bar, the evidence falls far short of this rule and the court is of the opinion that the evidence, at best, but supports a guess or a supposition that appellant was connected in any manner with the still and distilling apparatus. The conclusion follows that the finding of the trial court is not supported by sufficient evidence."

In the instant case we may say that the evidence but supports a guess or suspicion that the appellant was connected in any manner with the still and distilling apparatus. The verdict and judgment is not supported by sufficient evidence. There is no more evidence to support the verdict and judgment finding appellant guilty than there was to find her co-defendants guilty, and they were found not guilty upon a peremptory instruction of the court.

Judgment reversed.