BUTLER *v*. STATE OF INDIANA.

[No. 30,764. Filed September 5, 1967. Rehearing denied January 29, 1968.]

*Leon J. Humbert,* of Greensburg, and *George R. Tolen, Jr.,* of Shelbyville, for appellant.

*John J. Dillon,* Attorney General, and *Kenneth M. Waterman,* Deputy Attorney General, for appellee.

LEWIS, J.—The appellant was tried by jury upon an indictment returned by the Grand Jury of Decatur County, Indiana, on the charge of murder in the first degree. The jury's verdict found the defendant guilty of murder in the second degree, and the judgment of the court was that the defendant be committed to the State Penitentiary during his life. The case had been venued to Shelby County, Indiana, and was tried in the Shelby Circuit Court.

The defendant filed a Plea in Abatement alleging in substance that the Grand Jury, which handed down the true bill against the defendant, was not properly selected in that members of the female sex were systematically excluded from the venire. Evidence was taken on the Plea in Abatement and proved substantially that a United States Census Report indicated a greater number of females eligible for jury service in Decatur County than males. Additional evidence further indicated that only 6 female persons were drawn out of 150 names drawn for the Grand Jury; only 32 names of the female sex were drawn for duty as petit jurors in the last 539 names drawn. From testimony elicited on the Plea in Abatement, it was evident the Jury Commissioners used the tax rolls for the drawing of prospective jurors, and that in each instance where married couples appeared on the tax rolls the man's name appeared first. The Jury Commissioners uniformly selected the man's name and omitted to use the married woman's name. The Jury Commissioners did use the names of unmarried persons of the female sex.

*"Qualifications of jurors.*—To be qualified as a juror, either grand or petit, a person must be a resident voter of the county, and a freeholder or householder, or the spouse of a householder. Any person shall be excused from acting as a juror who is over sixty-five [65] years of age and desires

to be excused for such reason." Burns' Ind. Stat., Anno., (1946) Repl.), § 4-3317. *Palmer* v. *State* (1926), 197 Ind. 625, 150 N. E. 917.

It is evident, therefore, that women are not excluded under the Indiana statute with reference to the selection of jurors. In the picking of the Grand Jury in question in Decatur ■ County, Indiana, we conclude that the Jury Commissioners' application of the statutory method for selecting jurors was a departure from the intention of the legislature, in that married women whose names followed the names of their husbands on the tax rolls were not included by the Jury Commissioners. We believe further, however, that there is complete absence of evidence to show that the Jury Commissioners were arbitrary or deliberate in their exclusion of the women from the jury list. The evidence presented by the appellant on his Plea in Abatement failed to show that the omissions of the Jury Commissioners in their statutory duty were in any way tainted with "bad faith," and appellant did not show that the action of the Jury Commissioners was probably harmful to appellant's substantial rights. It will not be presumed that appellant's rights were prejudiced by the action of the Jury Commissioners in not including names of married women. In the absence of a showing of "bad faith" or probable harm to the substantial rights of the objecting party, the failure of the Jury Commissioners to perform their statutory duty does not invalidate the indictment. *Harrison* v. *State* (1952), 231 Ind. 147, 106 N. E. 2d 912. See also the pertinent part of Burns' Ind. Stat., Anno., § 4-3321, which is as follows:

". . . no indictment shall be quashed, and no trial, judgment, order or proceeding shall be reversed or held invalid on the ground that the terms of this act have not been followed, unless it shall appear that such noncompliance was either in bad faith or was objected to promptly upon discovery and was probably harmful to the substantial rights of the objecting party."

In *Hoyt* v. *Florida* (1961), 368 U. S. 57, 7 L. Ed. 2d 118, 82 S. Ct. 159, the United States Supreme Court states that the burden of proof is on the complaining party to show that the exclusion was done pursuant to an arbitrary scheme and how he was prejudiced thereby. We conclude that the Plea in Abatement was properly overruled.

The appellant also urges that the verdict of the jury and the judgment of the court is not sustained by sufficient evidence and is contrary to law. In support of this position the appellant urges that there is a complete lack of evidence from which the jury could infer malicious intent. The evidence bearing on this point is substantially as follows:

Jean Stamm Tyler, who had been living with the deceased, was asleep at the time the death occurred. When she awoke the appellant told her that he had killed the deceased. He also told her the deceased had warned him not to pull the trigger as the gun was loaded, but he did pull the trigger shooting the victim, and then shot him again to put him out of his misery. The medical experts testified there were two bullet wounds in the body of the deceased. The detectives and police officers testified they found two expended cartridges. Appellant later told Jean Stamm Tyler that the shooting was cold-blooded murder, and repeated this same statement to other witnesses. Appellant, after being arrested, suggested that the shooting of the deceased was purely an accident and wholly unintentional. The evidence in the record failed to support the appellant's accident story. After the shooting the appellant took no measures which would be consistent with his accident theory, such as calling a doctor or reporting the shooting to the local law enforcement agency. To the contrary, the appellant commenced to collect his spoils and took the decedent's place by retiring to the bedroom at the "widow's" side in complete utilization of her consortium. It is obvious that the facts do not support the theory of an "accidental shooting."

Once a homicide has been shown to have resulted from an intentional act, the law will presume malice from these facts alone. *Taylor* v. *State* (1929), 201 Ind. 241, 167 N. E. 133. Here we have an intentional killing and, in addition thereto, the admissions made by the appellant concerning the circumstances of the homicide, and the undisputed fact that the victim was shot twice. On appealing from a criminal conviction where the sufficiency of the evidence is challenged, the Supreme Court will not weigh the evidence, but will consider only the evidence most favorable to the state, and the reasonable inferences that may be drawn therefrom to determine whether the jury was warranted in returning a verdict of guilty. We will not disturb a verdict on appeal if there is any evidence which, if believed by the jury, would prove every element of the crime. *Gilmore* v. *State* (1951), 229 Ind. 359, 98 N. E. 2d 677; *Flowers* v. *State* (1956), 236 Ind. 151, 139 N. E. 2d 185; *Carlin* v. *State* (1933), 204 Ind. 644, 184 N. E. 543. We conclude there is sufficient evidence to support the jury's verdict of second degree murder.

Judgment affirmed.

NOTE.—Reported in 229 N. E. 2d 471.