SHARP *v.* STATE OF INDIANA.

[No. 469S81. Filed July 29, 1970.]

*J. Conrad Maugans, C. Michael Cord, Bayliff, Harrigan & Cord,* of Kokomo, for appellants.

*Theodore L. Sendak,* Attorney General, *Kenneth M. McDermott,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellants were charged by Affidavit, signed by Fred G. Osborn, with the crime of second degree burglary. Separate affidavits were filed for each defendant, however, the language of each is identical, except for the defendant so named therein, and reads in pertinent part as follows:

> "That on or about the 7th day of June, 1968, at the county of Howard, and State of Indiana David Sharp (Jerry Sharp, Russell Sharp) late of said county, did then and there unlawfully and feloniously break and enter the building and structure located at 1730 Boulevard W., Kokomo, Indiana, which said building and structure was not then and there a place of human habitation, and which said building and structure was then and there in the lawful possession of Arlen Barker, with the intent to commit a felony therein, to wit: the crime of theft then and there being as affiant is informed and verily believes, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Indiana."

On July 18, 1968, each appellant entered a plea of not guilty to the crime as charged and requested a trial by jury. On February 18, 1969, said requests were withdrawn, and all three causes were consolidated for trial by the following order:

> "By agreement of the defendant (David Sharp) and the State of Indiana, this cause (No. 5158) is ordered consolidated with State of Indiana vs. Jerry Sharp, Cause No. 5159, and State of Indiana vs. Russell Sharp, Cause No. 5160, in the Howard Circuit Court. Said Causes are now ordered consolidated."

Also on February 18, 1969, said causes were tried to the court without the intervention of a jury, and the court found each defendant guilty of second degree burglary as charged. On March 17, 1969, appellants filed their motions for new trial, said motions reading in pertinent part as follows:

"Comes now the Defendant in the above entitled cause, and moves the Court for a new trial upon the following grounds, and for the following reasons:

(1) The finding of the Court is contrary to law.

(2) The finding of the Court is not sustained by sufficient evidence.

WHEREFORE, the defendant prays the Court for a new trial of said cause.

MEMORANDUM IN SUPPORT OF MOTION FOR NEW TRIAL

There is absolutely no evidence to connect the defendant with the alleged burglary, nor are there any facts to support an inference connecting the defendant with the alleged burglary. The standard is proof beyond a reasonable doubt, not mere guess, speculation or suspicion.

The evidence shows that after an alleged burglary by *two, not three,* unidentified men, the defendant and two others similarly charged and tried with defendant, were found *walking, not running,* down a public sidewalk *where they had a right to be, not on private property.* No tools or products of a burglary were found on this defendant or either of the others. There were no confessions or admissions. In short, there was no evidence.

How can three men be guilty of a crime when the undisputed evidence shows only two men committed the crime where there is no evidence or charge of a conspiracy, assessory, etc.

Although circumstantial evidence can be sufficient to sustain a conviction, it is not sufficient in this case. The law is very clear and can be very clearly pointed out by comparing two typical cases, one where the evidence was sufficient and one where it was not.

In *Medsker* v. *State* (1968), 249 Ind. 369, 232 N. E. 2d 869, the evidence which the court found sufficient was as follows: At 12:35 a.m. a burglar alarm alerted the witness who went to the scene and found an automobile with two men parked in front of the premises. The witness saw the defendant walk out from behind the building and enter the car. The car drove down a dead end street and when on the way back was stopped by a police car. The witness definitely identified the defendant as the person who walked out from behind the building. Tools, capable of being used in the burglary were found along the road where the car had travelled. There was also an implied admission on the part of the de-

fendant. The Court stated at page 871, 'In the case before us the appellant was discovered, not in a public place where he had a right to be, but on private property, coming from behind a building which had a few minutes before been broken into and a burglar alarm sounded as a result of such break-in.'

In comparison, *Melvin* v. *State* (1968), 249 Ind. 351, 232 N. E. 2d 606, held that the following evidence was not sufficient. At 9:30 p.m. a witness heard a noise and went to the alley behind his house. In the alley he heard a crash which sounded like a cash register dropping. He went around the corner and saw a cash register some twelve feet away and saw the defendant walking in the opposite direction about three feet from the cash register. The defendant was not running. No one else was seen around. In commenting on this evidence, the Court stated at page 607, 'In the case before us there is no corroborating evidence to support the charge of entering the building in question, nor is there any corroborating evidence to support a felonious intent. The evidence here does not show that he had the cash register in his hands or in his possession * * *.'

In *Wood* v. *State* (1934), 207 Ind. 235, 192 N. E. 257, the Court stated that the verdict cannot be based upon a guess or supposition that the appellant was connected with the possession of a still, which was found in the basement of a garage, although she lived in the house on the same premises where the garage was located, but the garage was used by other parties. The Court stated (at 207 Ind. p. 239, 192 N. E. p. 259):

'In the instant case we may say that the evidence but supports a guess or suspicion that the appellant was connected in any manner with the still and distilling appartus. The verdict and judgment is not supported by sufficient evidence * * *.'

The *Melvin* case is very similar to the facts in the case at bar. The distinctions with the *Medsker* case and other cases finding that circumstantial evidence was sufficient places the defendant on the premises involved or placed stolen property in the possession of the defendant. None of that is here. Like the *Melvin* case, the defendants were in a public place where they had a right to be. They were walking, not running, so there is no inference of guilt by fleeing. There was no stolen property on their possession. In addition, none of the three defendants were identified by the witness as the person or persons who participated in the alleged burglary.

The insufficiency of the evidence in this case is so gross that the finding of the Court is contrary to law."

The motion for new trial filed by each defendant contained the same language as hereinabove set forth. Said motions were overruled on April 8, 1969. Appellants' sole Assignment of Error is that: "1. The Court erred in overruling appellants' motions for a new trial."

From the evidence adduced at trial it appears that, at approximately 12:30 a.m. on the date in question, Mrs. Ethel Helton was at home waiting for her husband to return from work when she heard glass breaking. She quickly turned off the bedroom lights and looked out the window toward a nearby Gulf Service Station which was situated on the northeast corner of the intersection of West Boulevard and Berkley Road in Howard County. The Helton residence is located approximately 100 yards northeast of the station, there being a vacant lot between the two. She saw what appeared to be two men breaking out a window at the station. Having broken the window to gain entrance, the men raised the garage door and entered the building. Mrs. Helton immediately picked up the phone and had the telephone operator call the Sheriff's Department to report the incident. She then saw the two men go in and out of the station carrying what she believed to be tires and other articles. At this time a Sheriff's car pulled up to the side of the station, and Mrs. Helton testified that she saw the men put the garage door down and run "sorta" north from the station. She lost them in the shadows.

At approximately 1:00 a.m. on the night in question, Deputies Hawks and Zeck arrived at the Gulf Service Station aforementioned in response to the call from Mrs. Helton. Deputy Zeck proceeded to the rear of the building where he saw that a window had been broken. He also noticed several articles near a trash bin. Deputy Hawks went to the front, southwest corner of the station, and, while there, he heard footsteps as if someone were running, directly to the rear

of the station. He then observed three subjects running west away from the station. He identified himself as a police officer and ordered them to stop. They did not stop and he was not in position to identify them. Deputy Hawks later observed appellants walking south toward the service station and ordered them to halt after identifying himself. They did so, and Deputy Hawks placed them under arrest for second degree burglary. Hawks never at any time identified appellants, or any of them, as the ones who broke into the station or ran west away from it.

"After things had calmed down," Deputy Hawks retraced the path of the three persons he had seen running and located, at various points, three pairs of gloves and other items of automotive equipment. The operator of the service station, who was called to the scene of the alleged burglary, confirmed that these items did in fact belong to the station.

Appellants' sole contention on appeal is that the evidence presented to the trial court is wholly insufficient to sustain their convictions, and that, therefore, said convictions should be reversed. This Court has heretofore held that a conviction will be sustained if there is any evidence of probative value of the facts essential to support the judgment, *Butler* v. *State* (1967), 249 Ind. 484, 229 N. E. 2d 471; *Majko* v. *State* (1965), 246 Ind. 506, 207 N. E. 2d 212, and that, when the question of the sufficiency of the evidence is raised on appeal, it will consider only that evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502; *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514. Further, this Court, on appeal, will not weigh the evidence nor determine the credibility of the witnesses. *Lambert* v. *State, supra; McGill* v. *State, supra.*

In the case at bar, the burden was on the State to prove beyond a reasonable doubt that the appellants "did * * * unlawfully and feloniously break and enter the building * * *

with the intent to commit a felony therein, to-wit: the crime of theft * * *." The only evidence offered by the State to prove the charges against appellants was their "unexplained presence" in the vicinity of the crime shortly after its commission, for neither Mrs. Helton nor Deputies Hawks or Zeck were able to identify any of the other individuals allegedly in the area prior to, during the commission of, or following the burglary. Neither did these nor any other witness identify the appellants or any of them as being the ones who broke into the station or who ran away from it. The evidence upon which the appellants were convicted was, therefore, wholly circumstantial.

In *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6, this Court stated that:

"Where the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the presumption of innocence of the defendant. *White* v. *State* (1948), 226 Ind. 309, 79 N. E. 2d 771. While the above rule has been held to be for the guidance of the trial court and on appeal it is not the province or right of this Court to weigh the evidence, however, it is the duty of this Court to examine the record of the evidence to determine whether there was sufficient evidence substantial in character to support the court's finding on each of the issuable facts or elements of the crime charged beyond a reasonable doubt. *White* v. *State, supra; Baker* v. *State, supra.*"

Therefore, since the evidence in the case at bar is wholly circumstantial, it is our duty to determine whether the evidence is sufficient to exclude every reasonable hypothesis of the assumption of innocence of the appellants or whether it merely tends to establish a mere suspicion of guilty without more.

The evidence is undisputed that Mrs. Helton, the sole witness to the alleged burglary, never saw more than *two* individuals participate therein even though she testified that her vision was completely unrestricted and that she could see the

station quite clearly. Deputy Hawks, however, testified that he saw *three* subjects *running* west from the station shortly after his arrival. Neither he nor Mrs. Helton, in spite of their apparently unrestricted vision and proximity to the events and the individuals involved, could identify the appellants as the alleged burglars. There is absolutely no evidence that, when stopped, appellants were breathless, sweaty, or that they had been running prior to the time they were spotted by Deputy Hawks. There is nothing to suggest that they, in any manner, appeared suspicious, other than their "unexplained presence." The evidence clearly shows that appellants were *walking toward* the service station and the police officers at the time of their arrest, rather than running away from them. The State attempts to minimize the importance of the fact by arguing that there was a fence along the west side of Berkley Road, and that, therefore, appellants were forced to turn either north or south to effectuate their escape. However, there is no evidence that the fence was sufficient in size to preclude fleeing felons from an easy escape, and it would not seem reasonable to infer that fleeing felons who had just been running hard on a warm night would go toward the police rather than away from them, i.e. the fact that they had been running would have been too apparent and incriminatory. Furthermore there is no evidence in the record the appellants were or had been in the vicinity of the station at or near the time of the burglary.

The evidence introduced by the State seems, on its face, more consistent with appellants' innocence than guilt, and, therefore, we cannot say that the circumstantial evidence is "* * * so conclusive and compelling in character that it excludes every reasonable hypothesis of the assumption of innocence of the defendant." *Easton* v. *State, supra.*

The evidence, at most, merely supports a suspicion or conjecture that appellants were involved in any manner with the alleged burglary. This clearly is not sufficient

to sustain a conviction. In *Crawford* v. *State* (1968), 251 Ind. 437, 241 N. E. 2d 795, this Court stated that:

"If the evidence merely tends to establish a suspicion of guilt, it is not sufficient to sustain a conviction. *Robertson* v. *State* (1952), 231 Ind. 368, 108 N. E. 2d 711 * * * Mere opportunity to commit a crime is insufficient to sustain a conviction * * *."

The judgment of the trial court is reversed and remanded with instructions to grant the appellants' several motions for a new trial.

Hunter, C.J., DeBruler and Givan, JJ., concur; Arterburn, J., dissents.

NOTE.—Reported in 260 N. E. 2d 593.