CARLTON FAY WILLIAMS *v.* STATE OF INDIANA.

[No. 770S167. Filed December 6, 1971. Rehearing denied January 20, 1972.]

*Frank E. Spencer,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General *Stephen D. Clase,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—Appellant was charged by affidavit with the crime of Inflicting Physical Injury During a Robbery. Appellant was arraigned and entered a plea of not guilty. Trial was held before the court and appellant was found guilty and sentenced to the Indiana State Prison for life. Appellant then filed a Motion to Correct Errors, which was overruled by the Court.

The evidence presented at trial viewed in favor of the judgment discloses that at approximately nine o'clock, in the evening of December 14, 1968, two males, having parked their car a short distance away walked into the Vehlling Service Station in Plainfield, Indiana, through the front and only door of the station, where they encountered Jackie Follis, who was sitting quietly reading a newspaper, behind a desk. Without saying a word, appellant's accomplice drew a gun and fired it at Jackie Follis, striking him in the upper chest. As he was falling off his chair, Follis heard one of the assailants say to the other, "Get the money," and Follis threw them the purse, which contained the money. Later the police caught two men and the appellant was identified by Follis, as one of the men who shot and robbed him. The police were aided in their search for the assailants by a description of them and their automobile given by two witnesses to their flight from the station. In appellant's car was found a gun of the type used in the robbery. On appellant's person was found one hundred five dollars and ninety-five cents [$105.95]. The appellant admitted that he had discussed, with a friend, earlier in the day, the possibility of robbery, both of them wanting extra money. Also, he admitted that they had picked this particular service station to rob, because it had only one attendant on duty.

Appellant was convicted under *Burns Ind. Stat. Ann.*, (1956 Repl.), Sec. 10-4101, which states, in relevant portions, as follows:

"Whoever takes from the person of another any article of value by violence or by putting in fear, is guilty of robbery . . . Whoever inflicts any wound or other physical injury

upon any person with any firearm . . . or while attempting to commit a robbery, shall upon conviction, be imprisoned in the state prison for life.'"

His conviction of the above cited crime was in view of his role as an accessory before the fact, within the requirements of I.C. 1971, 35-11-29-1, as found in *Burns* (1956 Repl.), Sec. 9-102, as cited below in pertinent part:

"Every person who shall aid or abet in the commission of a felony . . . may be charged by indictment, of affidavit, tried and convicted in the same manner as if he were a principal . . ."

Appellant's sole assignment of error alleges that there was insufficient evidence to establish that appellant committed the offense charged; that he inflicted a physical injury on the named victim in the commission of a robbery.

When reviewing any allegation involving a question of sufficiency of the evidence, this court adheres to the rule that we will not weigh the evidence, nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom, which support the verdict of the trial court or jury. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888; *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Sharp* v. *State* (1970), 254 Ind. 435, 260 N. E. 2d 593; *Smith* v. *State* (1970), 254 Ind. 401 260, N. E. 2d 558; and *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. A conviction must be affirmed, if having applied the rule, there is evidence of probative value, from which the trier of the facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Gann* v. *State* (1971), 256 Ind. 429, 269 N. E. 2d 381; *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89.

Our review of the evidence most favorable to the State presented in the trial court leads us to the conclusion that the allegations of the appellant are without merit. The evidence is clearly sufficient to convince the trier of fact, beyond a reason-

498

able doubt, of appellant's guilt. We therefore find no ground upon which a reversal could be based.

Judgment of the trial court is affirmed.

All judges concur.

NOTE.—Reported in 275 N. E. 2d 819.