**Jerry Dean BUTLER, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1279S348.**

Supreme Court of Indiana.

March 10, 1981.

Harriette Bailey Conn, Public Defender, Howard N. Bernstein, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from a denial of post-conviction relief. Appellant's conviction of second degree murder was affirmed on direct appeal to this Court in *Butler v. State*, (1967) 249 Ind. 484, 229 N.E.2d 471.

In appellant's first and direct appeal he contended that the grand jury which indicted him was selected from a panel which had been selected by the jury commissioners in an arbitrary manner in that they had adopted a system of selecting the names of married men and omitting the names of married women, when two such names appeared together on the tax rolls. The commissioners had, however, selected names of women from the rolls when they appeared alone or together with another not their spouse. This Court held that that selection system was contrary to the Indiana law that women are qualified jurors, but concluded that the system was not in bad faith or was not shown to be probably harmful to substantial rights as required by the statute governing the quashing of indictments for irregularities in the jury selection process. Ind.Code § 33–15–22–2; cf. *Phillips v. State*, (1978) 268 Ind. 556, 376 N.E.2d 1143. The Court noted that the system would satisfy the requirements of the Fourteenth Amendment announced by the Supreme Court in *Hoyt v. State of Florida*, (1961) 368 U.S. 57, 82 S.Ct. 159, 7 L.Ed.2d 118.

In 1975 in the case of *Taylor v. Louisiana,* (1975) 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690, the United States Supreme Court held that the Sixth Amendment right to an impartial jury was violated by a state jury selection system which inevitably resulted in very few women being called for jury service. Appellant bases his claim for post-conviction relief on this federal holding. He concedes that as a matter of federal law, he is not entitled to retroactive application of the *Taylor* holding, *Daniel v. Louisiana,* (1975) 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790, but argues that this Court should nevertheless as a matter of state law give retroactive application to that holding.

Appellant accurately points out that this Court has on occasion adopted more stringent standards for the protection of federal constitutional rights than those adopted by the United States Supreme Court. In *Burton v. State,* (1973) 260 Ind. 94, 292 N.E.2d 790, we required in Indiana that the State prove beyond a reasonable doubt that a confession is voluntary rather than merely by a preponderance of evidence as required by federal courts. *Magley v. State,* (1975) 263 Ind. 618, 335 N.E.2d 811. Clearly this Court has the constitutional authority to do so. *Lewis v. State,* (1972) 259 Ind. 431, 288 N.E.2d 138. Our decision to exercise that prerogative in safeguarding the privilege against self-incrimination was based primarily upon our assessment that the judgment upon the admissibility of a confession or admission of evidence of guilt partakes of the nature of the judgment upon the whole of evidence of guilt, constituting a prima facie case, in that both lead as a practical matter in most cases to a finding or verdict of guilty. The denial to the *Taylor* holding of retroactive application implicates no similar grave concern. We find the reasoning and conclusion in *Daniels v. Louisiana, supra,* the necessary, if not totally satisfying, result of the proper application of appropriate standards.

The judgment is affirmed.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.