## BOHAN *v*. STATE OF INDIANA.

[No. 24,165.    Filed October 31, 1923.    Rehearing denied February 6, 1924.]

1.    CRIMINAL LAW.—*Instructions.—Refusal if Covered by other Instructions.*—An instruction tendered by the appellant and refused by the court considered at length the law of self defense and the appearance of imminent danger which would justify homicide, *held* that in view of another instruction tendered by appellant and given, and of three instructions given by the court upon its own motion, covering every detail of the law of self defense, the tendered instruction was properly refused. p. 232.

2.    CRIMINAL LAW.— *Appeal.— Briefs.— Points and Authorities Showing Error.*—Failure to state any point or cite any authorities in appellant's brief, concerning the refusal of an instruction assigned as error, presents no question to the court.    p. 232.

3.    CRIMINAL LAW.— *Instructions.— Refusal when Covered by Other Instructions.*—There is no error in refusing to give an instruction which poorly states a principle of law, when such principle is embodied in an instruction given on the court's own motion.    p. 233.

4.    HOMICIDE.— *Instructions.— Invading Province of Jury.*— An instruction in a prosecution for murder which recites one fact in evidence and says that such fact "would not put him (the defendant) in fault so as to deprive him of the right to defend himself against an unlawful assault, * * * nor would it require him to retreat or attempt to escape before making such defense," invades the province of the jury and is properly refused, in that it singles out one fact of the many which were in evidence concerning his being at fault; to determine whether the defendant was at fault, the jury must consider all the facts in evidence.    p. 233.

5.    CRIMINAL LAW.—*Instructions.—Invading Province of Jury.*— Instructions which point out certain facts in evidence and ignore other facts equally as important invade the province of the jury, and are properly refused.    p. 235.

6. CRIMINAL LAW.—*Instructions.—Must be Correct as Stated.—* Instructions must be stated in correct language, and it is not error to refuse instructions which must be modified to be given. p. 235.

7. HOMICIDE.—*Instructions.—Law of Self-Defense.—*An instruction which states that "it is the law that one seeking to avail himself of the right of self-defense must be himself without fault, and if the evidence shows beyond a reasonable doubt that a defendant himself provoked the attack or brought upon himself the necessity which he sets up in his own defense, or voluntarily put himself in the way of an altercation, or sought a conflict, he was thereby deprived of the right of self-defense until he in good faith made an effort to retreat or to abandon the conflict or attempted to indicate his desire to abandon the conflict in some manner," is good, and not open to the objection that it leaves out of consideration the question of whether or not the defendant purposely provoked the attack. p. 235.

8. CRIMINAL LAW.—*Instructions.—Waiver of Error by Failure to Tender.—*If the appellant desires a fuller instruction on a specific point he should tender it, and failing to do so he has no cause for complaint. pp. 236, 240.

9. HOMICIDE.—*Instructions.—Considered with Other Instructions.—*An instruction in a prosecution for murder is not objectionable for leaving out of consideration the right of the defendant to defend himself with a deadly weapon, when that question is covered by other instructions. p. 237.

10. CRIMINAL LAW.—*Instructions.—Considered as a Whole.—*Instructions in a case are to be considered as a whole and it is not necessary to embrace all the law in one instruction. pp. 237, 240.

11. CRIMINAL LAW.—*Instructions.—Court Directing Jury to Consider Evidence.—*An instruction which tells the jury that they "should" or "ought to" consider evidence indicating motive for the commission of a crime, or lack of motive, is proper. p. 238.

12. HOMICIDE.—*Instructions.—Invading Province of Jury.—*An instruction in a prosecution for homicide, that in determining who was the aggressor the jury had the right to consider in connection with all the other evidence whether either the defendant or deceased or both were armed or unarmed with a deadly weapon, is proper in view of the use of the words "in connection with all the other evidence," and the jury could not have been misled. p. 238.

13. CRIMINAL LAW.—*Instructions.—Invasion of Province of Jury.—*Whether an instruction in a criminal case is erroneous as invading the province of the jury is to be tested by the ques-

tion whether the court intimates its opinion as to the credibility of witnesses or weight to be given the testimony.   p. 239.

14.  HOMICIDE.— Instructions.— Circumstantial Evidence.— In a prosecution for murder in the first degree an instruction on circumstantial evidence is proper, even though the only circumstantial evidence in the case is that of malice and premeditation.   p. 239.

15.  CRIMINAL LAW.—Homicide.—Instructions.—In a prosecution for murder in the first degree it is proper for the instructions to the jury to cover the offenses of first and second degree murder, and an instruction concerning inferences of malice and premeditation from circumstances is not rendered erroneous by a verdict of manslaughter.   p. 240.

16.  CRIMINAL LAW.—Appeal.—Review.—Weighing the Evidence. —In considering on appeal, appellant's assignment that the verdict is not sustained by sufficient evidence, the appellate court will not weigh the evidence and will consider only the evidence favorable to appellee, and the inferences drawn therefrom; some evidence supporting each material allegation of the indictment is sufficient evidence.   p. 241.

From Tippecanoe Circuit Court; *Homer W. Hennegar*, Judge.

Stephen A. Bohan was convicted of manslaughter and he appeals.   *Affirmed.*

*John B. Hudson, Daniel P. Flanagan, Clyde H. Jones* and *Moses B. Lairy*, for appellant.

*U. S. Lesh*, Attorney-General, *Mrs. Edward Franklin White*, Deputy Attorney-General, and *Stuart, Simms & Stuart*, for the State.

WILLOUGHBY, C. J.—The appellant was indicted for murder, in the first degree.   He entered a plea of not guilty.   The trial was by jury resulting in a verdict of manslaughter.   After a motion for a new trial was overruled, judgment was rendered on the verdict.   Appellant has appealed from such judgment and the error relied upon for reversal is:   "The court erred in overruling appellant's motion for a new trial."   The questions which arise upon this appeal are upon the sufficiency of the evidence to sustain the verdict and on

the giving and refusing of certain instructions. The appellant tendered eleven instructions and requested that they be given. The court gave Nos. 1, 2, 3, 4, and 5 of said instructions and refused to give the balance.

Instruction No. 6 tendered by the appellant is as follows: "It is the law of self-defense that if the danger appears to be real, or imminent, to the person unlawfully attacked, and such person believes that it is real, and that he is in immediate or imminent danger of receiving great bodily harm or losing his life, when in fact it was not real but only apparent, he would not for that reason be guilty, for the question of apparent necessity to repel the assault must be determined from the standpoint of the party attacked at the time and under all of the existing circumstances. The question of apparent necessity as well as the amount of force necessary to employ to resist such attack can only be determined from the standpoint of the defendant at the time and under all the existing circumstances. Ordinarily one exercising the right of self-defense is compelled to act on the instant and with no time for deliberation or investigation and under such circumstances the danger which exists only in appearance may be to him as real and imminent as if it were actual."

It is claimed by the state that the court committed no error in refusing to give instruction No. 6 tendered by appellant because each proposition embraced in it is fully and adequately covered by the following instructions given by the court, to wit, No. 3, tendered by appellant and given, Nos. 29, 30, and 35, given by the court on its own motion.

No. 3 tendered by the appellant and given is as follows: "If you find that the defendant, Stephen A. Bohan, at the time the conflict occurred was in a public street of the city of Lafayette and that while on said

street he was unlawfully attacked by Clarence Rawles, then, I charge you that under such circumstances if without fault in bringing on the attack Bohan had a right to defend himself against such assault without retreating or attempting to escape. Under such a state of facts he had a right to stand his ground and to repel force with force and he also had a right to use a weapon in his defense if he, at the time, reasonably and in good faith believed, and had good reason so to believe, that it was necessary to do so in order to save himself from suffering death or receiving great bodily harm at the hands of his assailant; and if death of his assailant so resulted the law excuses him."

Instructions Nos. 29 and 30 and 35, given by the court of its own motion are as follows:

Instruction No. 29: "It is the law of self-defense that the party assaulted has the right to repel force by force, and when, from the acts of the assailant, and from all appearances surrounding, he honestly believes he is in danger of losing his life or of receiving great bodily harm from his adversary he has the right to defend himself from such apprehended danger to any extent which appears to him to be reasonably necessary, even to the taking of the life of his assailant. This is so whether the appearances of danger which were presented to him were real or not."

Instruction No. 30: "The court instructs the jury that the law of self-defense is emphatically the law of necessity to which a man may have recourse under proper circumstances to protect himself against death or great bodily harm. If in this case you find from the evidence that the defendant honestly believed from all the circumstances and appearances, as they were then present to his mind immediately before the shooting that he was in danger of losing his life or suffering great bodily harm at the hands of the deceased, or that

he had reasonable cause to apprehend a design on the part of the deceased to commit a felony upon him, and that he reasonably apprehended immediate danger of such designs being carried out and that he shot and killed the deceased to prevent the accomplishment of such apprehended design then the killing is justified upon the ground of self-defense, and you should acquit him."

Instruction No. 35: "It is the law of self-defense that the party assaulted repelling force by force, need not believe that his safety requires him to kill his adversary in order to give him the right to make use of force for that purpose. When from the acts of his assailant he believes and has reasonable ground to believe that he is in danger of losing his life, or receiving great bodily harm from his adversary, the right to defend himself from such apprehended danger may be exercised by him and he may use it to any extent which appears to him to be reasonably necessary. The question of apparent danger must be decided from the appearances presented to the eyes and mind of the defendant himself and must depend upon the circumstances as they appear to him in the light of all the facts that were then present to his mind and can only be determined from the defendant's standpoint and not from the standpoint of some other ideal person of ordinary prudence."

These instructions fully cover every principle of law embodied in defendant's instruction No. 6. Where propositions of law have been fully and fairly stated once, the court is not required to give additional instructions tendered covering the same points and propositions. *Barnett* v. *State* (1885), 100 Ind. 171. Instruction No. 6 therefore, was properly refused and no error was committed by the court with respect thereto.

No question is presented on the refusal of the court to give defendant's instruction No. 7, for failure to state any point or cite any authorities under the heading of "Points and Authorities." *Knapp* v. *State* (1907), 168 Ind. 153, 11 Ann. Cas. 604; *Myers* v. *State* (1922), 192 Ind. 591, 24 A. L. R. 1196.

Defendant's instruction No. 8 is as follows: "If you find from the evidence that immediately before the struggle in which the fatal shot was fired took place, the defendant was on a public street in the city of Lafayette, then I charge you he was in a place where he had a right to be." This instruction is unfortunately worded and is not a complete statement of the law. The legal principle embodied in it is covered in the court's instruction No. 47½, which is as follows: "Streets in the city of Lafayette, Indiana, are public places and all persons have the legal right to be on and use the same for lawful purposes." And in instruction No. 3 tendered by appellant and given. There was no error in refusing to give this instruction.

Instruction No. 9, tendered by the appellant, is as follows: "The fact, if it be a fact, that, on the night of the alleged homicide, Stephen A. Bohan had accompanied Mrs. Anderson and Mrs. Rawles to the apartment of Eldon Lewis, and had spent the evening there, would not put him in fault so as to deprive him of the right to defend himself against an unlawful assault afterwards made on him in the street, nor would it require him to retreat or attempt to escape before making such defense."

It is claimed by the state that this instruction invades the province of the jury with respect to the facts in that it takes away from them the question, under the evidence, as to whether or not the defendant was or was not at fault in the encounter between

himself and the decedent. It singles out only a few of the facts which the jury were required to pass upon in determining whether or not the defendant was at fault, and is so phrased that it might mislead the jury into believing that the facts recited were the only facts material to the subject. It was the duty of the jury to determine whether the appellant was at fault in the encounter between himself and the decedent so as to deprive him of the right of self-defense. In order to determine that question it was necessary that they should consider all the facts in evidence bearing upon that subject. The phrases "being without fault" and "in a place where he had a right to be" mean without fault in bringing on the combat, and having a legal right to be at the place. There was evidence tending to show that the appellant and Mrs. Anderson and Mrs. Rawles were in the apartment of Eldon Lewis on the night of the difficulty which resulted in the death of Rawles and that appellant while in there had seen him pass the window. That appellant, when Mrs. Anderson and Mrs. Rawles were ready to leave, went out to see whether Rawles was in the neighborhood. That before going out appellant put a revolver in his pocket. These facts and many others disclosed by the evidence are not embodied in instruction No. 9 tendered by the appellant. It appears that some of the facts not embraced in the statement in instruction No. 9 were included in instruction No. 10, tendered by the appellant. After reciting some of the facts in evidence, in instruction No. 10, the jury are told that Bohan had a right to arm himself for that purpose of defending himself against possible assault and that he had a right to take a weapon with him if he in good faith believed that the use of a weapon might be necessary in order to save his life or to prevent the infliction of serious harm to his person. Both these instructions invade the province of the jury by

pointing out certain facts in evidence and in ignoring other facts equally as important as those mentioned in the instruction. From the facts stated in instruction No. 9 we cannot say as a matter of law that appellant was without fault in bringing on the combat, and from the facts stated in instruction No. 10 we cannot state as a matter of law that the appellant had a right to arm himself with a revolver before going out where he had reason to believe that he would encounter Rawles. In order to make either of these instructions proper to be given it was necessary to modify them very materially and it is not error for the court to refuse to give instructions if not stated in correct language. The court is not bound to take tendered instructions and modify them.

It is not error to refuse an instruction unless it ought to be given precisely in the terms prayed. *Lawrenceburgh, etc., R. Co.* v. *Montgomery* (1856), 7 Ind. 474; *Goodwin* v. *State* (1883), 96 Ind. 550; *Rogers* v. *Leyden* (1891), 127 Ind. 50; *Bowen* v. *State* (1920), 189 Ind. 644; *Spurlin* v. *State* (1920), 189 Ind. 273; Elliott, Appellate Procedure §735.

Said instructions Nos. 9 and 10 set out only a portion of what may be termed the primary facts and omitted other facts which the jury should properly consider in determining whether the defendant was in a place where he had a right to be and whether he was justified in arming himself.

Appellant's instruction No. 11 is expressly conditioned upon the giving of instruction No. 10, and it not being given then No. 11 should not have been given.

It is claimed by the appellant that the court erred in giving instruction No. 20 presented by the state. This instruction is as follows: "I instruct you, gentlemen of the jury, that it is the law that

one seeking to avail himself of the right of self-defense must be himself without fault, and if the evidence shows beyond a reasonable doubt that a defendant himself provoked the attack or brought upon himself the necessity which he sets up in his own defense, or voluntarily puts himself in the way of an altercation, or sought a conflict, he is thereby deprived of the right of self-defense until he in good faith made an effort to retreat or to abandon the conflict or has attempted to indicate his desire to abandon the conflict in some manner."

The objection to this instruction pointed out by appellant is that it leaves out of consideration the question of whether or not the defendant purposely provoked the attack and it is claimed by appellant that unless he purposely provoked the attack he will not be denied the defense of self-defense. Instructions in similar cases in the words of this instruction have been sustained by our courts. *Harmon* v. *State* (1902), 158 Ind. 37; *Starr* v. *State* (1903), 160 Ind. 661; *Barnett* v. *State* (1885), 100 Ind. 171.

However, if the appellant desired a fuller instruction on what constitutes provocation he should have tendered one and failing to do so he has no cause

8. for complaint. *Corn* v. *State* (1912), 177 Ind. 158; *Harris* v. *State* (1900), 155 Ind. 265; *Calandro* v. *State* (1919), 188 Ind. 533; *Underhill* v. *State* (1921), 190 Ind. 558.

The appellant also claims that the court erred in giving special instruction No. 21, presented by the state. That instruction is as follows: "I instruct you, gentlemen of the jury, that mere threats will not justify the use of a deadly weapon unless some overt act looking toward carrying such threats into execution has been committed. Nor are mere words alone sufficient provocation for an assault with a deadly weapon."

The appellant claims that this instruction is erroneous because it has no application to the evidence in the case and then goes on to state that the evidence shows that threats were made by the deceased against the appellant and that the deceased actually attacked appellant. It, therefore, appears from the appellant's own statement in his brief that there was evidence in the case to which this instruction was applicable. Appellant also says that this instruction leaves out of consideration the question that the right of the defendant to use a deadly weapon to defend himself depends upon the facts and circumstances as they appeared to the defendant himself at the time. But in instruction No. 35 given by the court of its own motion the jury were told that the question of apparent danger must be decided from appearances presented to the eyes and mind of the defendant himself and must depend upon the circumstances as they appear to him in the light of all facts that were then present to his mind and can only be determined from the defendant's standpoint and not from the standpoint of some other ideal person of ordinary prudence. Said instruction No. 21 is not open to the objection urged against it by appellant. The instructions in a case are to be considered as a whole and it is not necessary to embrace all of the law in one instruction.

The appellant says there was error in giving instruction No. 13, given by the court of its own motion. This instruction is as follows: "When the evidence fails to show on the part of the accused any motive to make an assault or commit a crime such lack of motive is a circumstance in favor of the innocence of the party accused, and in this case if the jury find upon a careful examination of all the evidence that it fails to show any motive on the part of the defendant to commit the crime charged in the indictment, then such failure to show

motive should be considered by the jury as a circumstance in favor of his innocence and as supporting his claim of self-defense. On the other hand, if the jury find upon a careful examination of the evidence that the deceased had a motive for making an assault upon the defendant, then this is a circumstance which the jury ought to consider in connection with all evidence in the case in determining whether or not the deceased made a deadly attack upon the defendant in pursuance of such motive and whether or not the defendant killed the deceased in his own self-defense."

The objection urged to this instruction is in the use of the word "ought," in the last clause of it. The appellant says it is proper for the court to tell the jury what they may consider but it is not within the province of the court to tell the jury what they ought to consider. In this objection the appellant is not sustained by authority in this state. See *Deal* v. *State* (1895), 140 Ind. 354; *Fifer* v. *Ritter* (1902), 159 Ind. 8; *Southern R. Co.* v. *State* (1905), 165 Ind. 613; *Tippecanoe Loan, etc., Co.* v. *Jester* (1913), 180 Ind. 357, L. R. A. 1915E 721; *Bader* v. *State* (1911), 176 Ind. 268; *Smith* v. *State* (1895), 142 Ind. 288.

The appellant claims that the court erred in giving instruction No. 34, given by the court of its own motion. This instruction is as follows: "I instruct you, gentlemen of the jury, in determining which of the parties was the aggressor in the combat between them, you have the right to consider in connection with all the other evidence whether either the defendant or deceased or both were armed or unarmed with a deadly weapon at the time of the conflict."

The appellant claims that this instruction in effect told the jury that since Bohan was armed with a deadly weapon and that the deceased was unarmed, that Bohan was therefore the aggressor

within the meaning of the law. We think the instruction will not bear the construction put upon it by appellant. It will be observed that this instruction says that in determining which of the parties was the aggressor in the combat between them you have a right to consider *in connection with all the other evidence* whether either the defendant or deceased or both were armed or unarmed with a deadly weapon at the time of conflict. The jury could not have been misled by this instruction. They must have understood it to mean that it was their duty to consider all the evidence bearing upon the subject to which the instruction was directed, and not a part of it only as appellant argues. The fact whether either the appellant or deceased or both were armed is a question which this instruction puts up to the jury to decide and also whether appellant or deceased was the aggressor. The instruction was proper under the evidence.

Whether an instruction in a criminal case is erroneous as invading the province of the jury is to be tested by the question whether the court intimates its opinion as to the credibility of witnesses or weight to be given the testimony. If the court did intimate or express such opinion it is error. *Hiatt* v. *State* (1920), 189 Ind. 524. This instruction is not open to the objection urged.

Instruction No. 46 given by the court of its own motion is on the subject of the credibility of witnesses. Many witnesses testified in the case and the instruction is the usual one given when instructing upon the credibility of witnesses and is not erroneous.

Instruction No. 47 was on circumstantial evidence and is correct so far as it goes but the appellant claims that it is not applicable to the facts as shown by the evidence that there was no circumstantial evidence in the case. The affidavit charged the de-

fendant with murder in the first degree which involved the evidence of malice and premeditation which in this case would have to be inferred from the facts and circumstances and it is proper therefore that the jury should be instructed as to the force and effect of circumstantial evidence. The appellant says that the jury in their verdict found him not guilty of murder in the first or second degrees. But that does not avoid the necessity for giving instructions covering the offense of murder in the first or second degrees. The instructions were given for the purpose of aiding the jury in determining the law in finding their verdict. The court did not err in giving this instruction.

Instruction No. 48 was upon the subject of circumstantial evidence. The appellant attacks this instruction upon the theory that it invades the province of the jury by stating that there was circumstantial evidence in the case sufficient to convict the defendant and that it was the duty of the jury to convict. The construction placed upon this instruction by the appellant is not warranted. This instruction is in plain language and could not have been misunderstood. If it was not full enough in the opinion of the appellant to state the law upon the subject of circumstantial evidence it was his duty to present an instruction covering the parts which he claims the court omitted and not having done so he cannot now be heard to complain.

However, instruction No. 23, given by the court on its own motion fully states the law of circumstantial evidence from defendant's standpoint, and when taken in connection with Nos. 17, 18, and 20, covering the subject of reasonable doubt, leaves no cause for appellant's objections to said instruction No. 48. All the instructions given in the case are to be

construed with reference to each other and the entire charge is to be taken as a whole and not in detached parts. *Baker* v. *State* (1921), 190 Ind. 385.

In this case we think the instructions as a whole state the law of the case fully and are as favorable to the appellant as he could ask. In explaining the manner in which the instructions were to be considered and understood by the jury the court gave the following instruction: "I instruct you, gentlemen of the jury, that the court does not in any of the instructions given to you intend or mean to be understood as expressing any opinion as to what facts have or may be proven. This is a question solely for the jury." We must assume that the jury had ordinary intelligence and a fair knowledge of the English language and if this assumption be true it does not seem possible that the jury should have misunderstood the instructions of the court or have been misled by them.

The appellant claims the verdict is not sustained by sufficient evidence. In considering this question we cannot weigh the evidence and will consider only the evidence favorable to appellee, and if that, with the inferences drawn therefrom, supports the verdict it is sufficient. *Barker* v. *State* (1918), 188 Ind. 263; *Goodman* v. *State* (1919), 188 Ind. 70. Some evidence supporting each material allegation of the indictment is sufficient evidence. *Ewing* v. *State* (1921), 190 Ind. 565.

In the instant case there is some evidence sustaining every material fact necessary to support the verdict, it is therefore sustained by sufficient evidence. We have examined every question presented by appellant's brief and find no reversible error.

Judgment affirmed.