ABSHIRE v. STATE OF INDIANA.

[No. 25,339. Filed October 6, 1927.]

1. RAPE.—*Complainant's testimony alone may be sufficient to convict.*—
In a prosecution for rape, corroboration of the complainant is not
necessary, and any evidence sufficient to convince the court or jury
trying the cause, beyond a reasonable doubt, of the defendant's
guilt is sufficient. p. 477.

2. RAPE.—Evidence *held* sufficient to sustain conviction, complaining
witness having positively identified defendant. p. 478.

From Vanderburgh Circuit Court; *Charles P. Bock,*
Judge.

Archie Abshire was convicted of rape, and adjudged
to be a habitual criminal, and he appeals. *Affirmed.*

*Ernest J. Crenshaw,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *Harry L.
Gause,* Deputy Attorney-General, for the State.

Gemmill, J.—It was charged by an amended affidavit that the appellant committed the crime of rape on one E. B., a woman over the age of sixteen years. Said crime is defined in §1, ch. 148, Acts 1921 p. 373, §2429 Burns 1926. It was also charged therein that he had been previously twice convicted, sentenced and imprisoned in a penal institution for felonies. The law defining an habitual criminal is set out in §1, ch. 82, Acts 1907 p. 109, §2339 Burns 1926. He entered a plea of not guilty. The trial was by the court without a jury.

The court found that he was guilty of the crime of rape as charged, and that he had previously been convicted of the felony of assault and battery with intent to commit rape and of the felony of grand larceny, and served sentences in a penal institution for each of said felonies. The court adjudged that he was guilty of rape, and sentenced him to be committed for said offense to the Indiana state prison for a period of not less than five nor more than twenty-one years, and assessed a fine of $1,000. The court further adjudged that he was an habitual criminal within the meaning of the statute, and that he should be committed to the Indiana state prison for and during his life as an habitual criminal. He filed a motion for a new trial, stating as causes therefor that the finding of the court was contrary to law, and that the finding of the court was not sustained by sufficient evidence; which motion was overruled. On appeal, the overruling of the motion for a new trial is assigned as error.

The prosecuting witness, after stating her name, testified as follows: I live at 11 East Keller street and I am seventeen years old. Until four weeks ago, I lived at 221 State street, where, on July 4, the defendant entered my house at about a quarter of four that morning through the front window. This was in Vanderburgh county, Indiana. The house is composed of four rooms. My

mother and father slept in one room and I slept in the front room with my nephew, who is four years old. My sister, who is fourteen years old, slept on a pallet in the same room. The defendant came in the front window and was standing by the side of the window when I woke up. He was walking on his hand and knees and shining his flash light. Thinking it was my father, I said, "Is that you daddy?" He said, "Shut up or I will kill you," whereupon he came over and laid a knife on my neck and a gun on my breast. He asked my age, whether or not I was married, whether or not I had any children, and my name, stating that: "I saw you over at the park that Wednesday before and have been waiting a chance for you and now is my chance." I pushed the gun away and he put it into his pocket but kept the knife on my neck. He said if I "hollowed," he would kill me, but nevertheless I "hollowed," and he pressed the knife on my neck. I lay there on the bed and never got up during the time. I saw his face. The defendant had intercourse with me against my will. I never knew him before and it was because of fear that caused me to submit. After he left, at 4 o'clock, I went into the room occupied by my folks and told them about it. It was striking 4 when I told my folks.

On cross-examination, she testified: I have never been married. I never saw the man before that morning. I couldn't see his features distinctly at first but when he was standing in front of the window I could tell what he looked like. After he came over onto the bed, I could see him by the flashlight which shone into his face. After he put the gun into his pocket, he had the flashlight in one hand and the knife in the other. He had on a dark brown coat or brown sweater with slouchy trousers that were darker than the coat. He had on a cap that was pulled well down over his eyes. My nephew did not wake up nor did my sister. He was in

the room about fifteen minutes and nobody was awakened until after he left the house. He rubbed his beard on my face when he tried to kiss me and I could tell that his beard was about a quarter of an inch long. I saw his face by the flashlight.

On re-direct examination, she said: I am positive that this defendant is the man who was in my room at that time. I will never forget his face. I had never had sexual intercourse with anyone prior to that time. I next saw him one Saturday morning on August 8.

Her father testified as to where he lived on July 4, 1926, and that his said daughter was sleeping in the front room; and that she came to his room about 4 o'clock on July 4, and made complaint about having been assaulted.

Two women, one married and one single, testified as follows: That they saw the defendant in their sleeping room in the city of Evansville, on August 5, about ten minutes before 4 o'clock in the morning. He escaped. They had the police notified. He was arrested and identified by them.

The defendant denied that he committed the crime, and attempted to prove an alibi by his relatives and a boarder at his mother's home. On the trial, it was stipulated that the defendant had been twice convicted, sentenced and imprisoned in a penal institution for felonies.

The only question presented by appellant is on the sufficiency of the evidence. In this state, there is no statute requiring the complaining party, where

1. the defendant is being prosecuted for the crime of rape, to be corroborated, and any evidence that is sufficient to convince the jury or court, if tried without a jury, beyond a reasonable doubt of defendant's guilt is sufficient. *Chesterfield* v. *State* (1923), 194 Ind. 282, 141 N. E. 632; *Cosilito* v. *State* (1926), 197 Ind. 419, 151 N. E. 129.

In *State* v. *White* (1917), 195 S. W. (Mo.) 994, it was held that prosecutrix's identification of accused sustained a conviction for rape as against an alibi defense presented by accused's relatives. In *State* v. *Taylor* (1923), 196 Iowa 1015, 192 N. W. 294, the testimony of prosecutrix identifying defendant as the man who forced her to submit by threatening her with a revolver, with evidence of immediate complaint, and other circumstances tending to connect accused with the commission of the offense, held sufficient to sustain a conviction.

In the instant case, the complaining witness identified the appellant as the man who had raped her. The finding of the court was sustained by sufficient evidence, and the ruling of the court on the motion for a new trial was not erroneous. The appellant has not shown any reversible error.

The judgment is affirmed.