## SMOCK *v.* STATE OF INDIANA.

[No. 30,602.  Filed February 15, 1966.]

*Lewis Davis,* of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

RAKESTRAW, J.—The appellant was charged by affidavit with the crime of first degree arson. After a jury trial, he was found guilty of that offense and sentenced to the Indiana Reformatory for a period of not less than two nor more than fourteen years. The only error assigned in this appeal is the overruling of the appellant's motion for a new trial. The sole specification of error in the motion for a new trial is that the verdict of the jury is not sustained by sufficient evidence and is contrary to law. It therefore seems advisable to briefly review the evidence presented.

The evidence most favorable to the State would indicate that on the early morning of March 9, 1963, two fires occurred in a two family dwelling in the city of Indianapolis. One portion of the residence was occupied by the William Pike family consisting of Mr. Pike, his wife, and four daughters. The other section was occupied by Barbara Hansen, a divorced mother of three children. The appellant was an old acquaintance of Mrs. Hansen, and for a period of two or three weeks he had been attempting to date Mrs. Hansen and had visited in her apartment on several occasions. Mrs. Hansen had taken a job the night before in the Lemon Twist Lounge, and the appellant heartily disapproved of her accepting this employment. He had visited in the place of her employment for several hours the night before, had quarreled with Mrs. Hansen, and had been drinking rather heavily.

Mrs. Hansen had not returned home until after defendant's arrest. When the first fire occurred, the appellant was in Mrs. Hansen's apartment and about the building. He was seen by various people, and he assisted Mr. Pike in removing his family from the building. After this fire had been extinguished, the appellant was asked to leave the building by the owner, who had been called to the scene. The appellant refused to leave, and again entered Mrs. Hansen's apartment and lay down on the couch.

A short time later, the appellant was seen coming from the basement into the kitchen of Mrs. Hansen's apartment. A witness saw the appellant come into the kitchen, saw a flash behind the basement door as the appellant entered the kitchen, saw the appellant close the door, and saw the appellant carefully place a wastebasket in front of the basement door. Prompt investigation revealed that a second fire had been started in the basement on top of an old cupboard.

There was testimony from the Chief Director of the Indianapolis Fire Bureau that in his opinion both fires were deliberately set by a human being.

It is of course well settled that on appeal only the evidence most favorable to the State, together with reasonable and logical inferences from that evidence, will be considered. *Tait* v. *State* (1963), 244 Ind. 35, 188 N. E. 2d 537; *Estes* v. *State* (1964), 244 Ind. 691, 195 N. E. 2d 471.

Considering all the facts in evidence, it cannot be said that there was not sufficient evidence from which the jury could find the defendant guilty.

The judgment of the trial court is affirmed.

Myers, C. J., Arterburn & Jackson, JJ., concur. Achor, J., not participating.

NOTE.—Reported in 213 N. E. 2d 896.