MONTGOMERY *v.* STATE OF INDIANA.

[No. 30,757. Filed September 11, 1967. Rehearing denied November 14, 1967.]

*Lewis Davis,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *David S. Wedding,* Deputy Attorney General, for appellee.

LEWIS, J.—This is an appeal from a conviction for rape. The charge was lodged by indictment and is under Burns' Indiana Statutes, § 10-4201, which reads, in part, as follows:

> "Whoever has carnal knowledge of a woman forcibly against her will, or of a female child under the age of sixteen [16] years . . . is guilty of rape, and on conviction shall be imprisoned not less than two [2] years nor more than twenty-one [21] years. . . ."

The trial was by jury and appellant was sentenced to 2-21 years in the Indiana State Prison.

Appellant urges as error the overruling of his motion for a new trial. The motion for new trial contended:

1. The verdict of the jury was not sustained by sufficient evidence.
2. The verdict of the jury was contrary to law.

The prosecutrix testified that she was fourteen years of age at the time of the alleged crime. She met the appellant in a cocktail lounge, where she and a girl friend had been for more than two hours. The appellant took the prosecuting witness and her companion to a hotel, which adjoins the lounge, and obtained a room. The female companion of the prosecuting witness became ill and went to sleep. The prosecutrix then had sexual intercourse with the appellant.

The prosecuting witness admitted she had engaged in prostitution in Louisville, Kentucky, as well as in Indianapolis. Police officers testified when they arrested the appellant some three days after the night in question, that he admitted to the officer he had sexual intercourse with the prosecutrix and also her female companion.

Appellant urges that the State failed to prove:

(a)  The age of the prosecuting witness;
(b)  That prosecuting witness had a proper understanding of the facts to which she testified; and
(c)  That he actually had carnal knowledge of the prosecutrix.

The substance of appellant's contention appears to be that the prosecuting witness was an immoral person and was not, therefore, a credible witness.

All of the fact issues urged by the appellant go to the credibility of the prosecutrix. In *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649, a conviction for rape was affirmed solely on the testimony of the prosecuting witness, this Court saying:

"It is not within the power of this court to determine the credibility of a witness or to say when a witness is telling the truth. *Yessen* v. *State* (1955), 234 Ind. 311, 315, 126 N. E. 2d 760. It is apparent from the verdict that the jury

believed the prosecuting witness' testimony given at the trial—this they had a right to do. . . ."

> The weight of the evidence, the credibility of the witness, and the ultimate guilt or innocence of the accused present a question for the determination of the trial jury. *Ritter* v. *State* (1946), 224 Ind. 426, 67 N. E. 2d 530.

The cross-examination of the witness established that she was sufficiently experienced in the delicate and sensitive matter of sex, and that she had no lack of either the vocabulary or understanding of these matters which one might expect from a victim of her tender years. The evidence here is differentiated from the facts found in a case where this Court has reversed convictions because of the evidentiary problems raised by the difficulty involved when a victim of tender age lacked the vocabulary or knowledge concerning the facts necessary for rape or sexual intercourse. *Ritchie* v. *State* (1963), 243 Ind. 614, 189 N. E. 2d 575.

There was evidence from which the jury could find the appellant was guilty of the crime charged in the indictment, including the age of the prosecuting witness; the fact she had a proper understanding of her testimony; and appellant actually had carnal knowledge of her.

No reversible error has been shown, and the judgment of the trial court is affirmed.

NOTE.—Reported in 229 N. E. 2d 466.