GRIMM *v.* STATE OF INDIANA.

[No. 868S130. Filed May 26, 1970. No petition for rehearing filed.]

*James W. Bradford,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, and *Kenneth M. Mc-Dermott,* Deputy Attorney General, for appellee.

JACKSON, J.—Appellant was charged by indictment with the crime of statutory rape, said indictment in pertinent part reads as follows:

> "The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that GARY GRIMM on or about the 1st day of SEPTEMBER, A.D. 1967, at and in the County of Marion and in the State of Indiana, did then and there unlawfully and feloniously make an assault in and upon one KATHLEEN BROSNAN (sic) then and there being a female child under the age of Sixteen (16) years, to-wit: of the age of Fifteen (15) years, and she then and there not being the wife of the said GARY GRIMM and did then and there feloniously and unlawfully ravish and carnally know her, the said KATHLEEN BROSNAN (sic), then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

On October 25, 1967, appellant waived arraignment to the above-mentioned charge and entered a plea of not guilty. Trial by jury was had beginning March 26, 1968. On March 27, 1968, the jury returned its verdict finding appellant "* * * guilty of the crime of rape as charged in the indictment * * *." The court thereupon ordered a pre-commitment investigation made, the same being set for consideration on April 11, 1968. Judgment was rendered on the verdict on April 12, 1968. The court, on the verdict of the jury, found appellant guilty of the crime of rape and sentenced him to the Indiana State Reformatory for not less than two nor more than 21 years.

A motion for new trial was filed by appellant on May 9, 1968, said motion reading in pertinent part as follows:

> "Comes now the Defendant, Gary Grimm, with his public defender, in the above entitled cause of action and moves the Court for a New Trial, for the following reasons, to-wit:

1. That the verdict of the Jury was not sustained by sufficient evidence.

2. That the verdict of the Jury was contrary to law.

WHEREFORE, the defendant moves the court for a new trial of the cause herein."

Appellant's motion for new trial was overruled May 9, 1968. His sole Assignment of Error is that:

"1. The Court erred in overruling appellant's motion for a new trial, which motion was based upon the fact that there was not sufficient evidence to convict the appellant by the Jury and that such verdict by the Jury was contrary to Law."

From the evidence adduced at trial it appears that on or about September 1, 1967, Kathleen Brosman, a child of fifteen years of age, saw appellant at the Huddle Restaurant (located at 56th and Illinois Streets in the City of Indianapolis) at approximately 9:45 p.m. She knew appellant slightly, having previously made his acquaintance through a friends of hers; she aso knew appellant's former wife, and had baby-sat for her on a couple of occasions prior to the date in question. Miss Brosman asked appellant if he could take her home, and the latter agreed to do so. On the way they stopped at a liquor store in Broad Ripple and appellant purchased some liquor and beer. Instead of then proceeding to Miss Brosman's home, appellant drove to a house located at 847 W. 53rd Street. The complainant waited in the car while appellant went into the house. He returned a short time thereafter, and the couple then proceeded to a service station at the corner of 46th and Illinois Streets. After the complainant had used the restroom facilities therein, appellant drove her back to the above-mentioned residence. He invited her inside, and upon entering she discovered that no one else was present. She insisted that she be taken home. Instead, appellant disregarded her wishes, began dancing with her, and finally picked her up and carried her into the bedroom. She repeatedly demanded that appellant take her home, but

instead of doing so he pinned her down against the bed by holding her by the neck. He thereafter began to forcibly disrobe her and stated to her that, "I brought you here for one reason, to lay you, and I intend to." Appellant then had sexual intercourse twice with the complainant. A large amount of blood was left on the bed where the alleged attack took place which, according to the victim, came from her vagina.

A short time after these events transpired, Mr. Leonard Wechsler, who was at that time living at the above-mentioned address with the appellant, and Mrs. Wechsler returned and found Miss Brosman and appellant. Mr. Wechsler observed the blood on the sheet in the bedroom and immediately began to change the bedding. Mrs. Wechsler entered the same bedroom after her husband had removed the sheets and observed blood on the mattress. Within a very short time thereafter appellant drove Miss Brosman home.

Appellant's sole argument on appeal is essentially that there was insufficient evidence presented to the court below upon which his conviction could be sustained. Were we to adhere strictly to the rules of procedure adopted by and for this Court, this specification of error could not be considered at this time due to the fact that appellant has failed to comply with Indiana Supreme Court Rule 1-14B, which was in existence at the time this appeal was filed. Said rule reads as follows:

> "Whenever a new trial is requested on the ground or grounds 'that the verdict or decision is not sustained by sufficient evidence or is contrary to law,' the moving party shall file a memorandum stating specifically under such itemized cause wherein such evidence is insufficient or the verdict or decision is contrary to law. The party filing such motion shall be deemed to have waived any ground not specified in the memorandum."

However, this Court has followed the policy of deciding appeals on their merit where it is practicable for us to do so, and when the issues have been clearly placed before us. *Locke*

v. *State* (1969), 252 Ind. 480, 250 N. E. 2d 372; *Lytle* v. *State* (1968), 251 Ind. 413, 241 N. E. 2d 366. We therefore prefer to and do consider this case on the merits.

To support his contention that his conviction should be reversed because there was insufficient evidence presented below to sustain it, appellant points to the fact that "(t)he record clearly reflects that whether or not the alleged crime was committed is evidenced solely by the testimony of the alleged victim, Kathleen Brosman." (Appellant's brief, page 39). He then attempts to attack the credibility of this witness so as to render the testimony given by her insufficient to establish appellant's guilt beyond a reasonabe doubt. However, appellant loses sight of the fact that it is a well settled rule in Indiana that a conviction for rape may be had solely on the testimony of the prosecuting witness and victim. *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479; *Montgomery* v. *State* (1967), 249 Ind. 98, 229 N. E. 2d 466; *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649; *Abshire* v. *State* (1927), 199 Ind. 474, 158 N. E. 227.

In reviewing the *Montgomery* and *Wedmore* cases, *supra*, we find that the facts contained therein are similar to the facts in this cause. In both cases the prosecuting witness was under the age of sixteen and the act of sexual intercourse was not witnessed by any third party. This Court, in both instances, applied the principle that the testimony of the victim, standing alone, was of itself sufficient evidence to sustain a conviction for rape, provided each and every material element of the crime charged was contained in her testimony. This Court in *Montgomery, supra,* went on to hold that:

"In *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649, a conviction for rape was affirmed solely on the testimony of the prosecuting witness, this Court saying: 'It is not within the power of this court to determine the credibility of a witness or to say when a witness is telling the truth. *Yessen* v. *State* (1955), 234 Ind. 311, 315, 126 N. E. 2d 760. It is apparent from the verdict that the

jury believed the prosecuting witness' testimony given at the trial—this they had a right to do . . . .'

The weight of the evidence, the credibility of the witness, and the ultimate guilt or innocence of the accused present a question for the determination of the trial jury. *Ritter* v. *State* (1946), 224 Ind. 426, 67 N. E. 530.''

Therefore, since the determination of credibility of the witness and the weight of the evidence devolves upon the trier of the facts it is not within the province of this Court to make that determination. On occasions too numerous to mention this Court has held that on appeal it will not weigh the evidence nor determine the credibility of the witnesses. *Gaddis* v. *State* (1969), 253 Ind. 73, 251 N. E. 2d 658; *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809. Burns Ann. Stat. § 10-4201, provides that:

"Whoever has carnal knowledge of a . . . female child under the age of sixteen (16) years . . . is guilty of rape. . . ."

Thus the elements of the crime of statutory rape are: (1) carnal knowledge, (2) of a female child, (3) under the age of sixteen years. The record clearly shows that the complainant was a female person under the age of sixteen on the day the rape occurred. Miss Brosman also positively testified below that appellant had sexual intercourse with her on the date in question, and that a large amount of blood was on the bed where the attack took place, which, apparently, came from her vagina. This latter portion of the complainant's testimony relative to the presence of blood on the bed was corroborated by the Wechslers. This Court has often held that a guilty verdict will not be disturbed upon a claim of insufficiency of the evidence unless there is a total lack of some evidence of an essential element of the crime. *Greenwalt* v. *State* (1965), 246 Ind. 608, 209 N. E. 2d 254. Also, where the issue of the sufficiency of the evidence is raised on appeal, this Court has repeatedly stated that it will consider only that evidence most favorable to the State

with all reasonable inferences which may be drawn therefrom. *McGill* v. *State* (1969), 252 Ind. 293, 247 N. E. 2d 514; *Smock* v. *State* (1966), 247 Ind. 184, 213 N. E. 2d 896.

Finally, appellant complains of the fact that the complainant failed to inform anyone of the commission of the offense until nineteen days after it occurred and that there was no medical testimony produced by the State to corroborate the complainant's testimony. Appellant cites us to no authority directly on point to sustain his contentions, and we believe there is none. Both arguments are directed to the weight of the evidence, and we have hereinabove fully disposed of that argument.

The judgment of the Marion County Criminal Court, Division Two, is affirmed.

Hunter, C.J., Arterburn, DeBruler and Givan, JJ., concur.

NOTE.—Reported in 258 N. E. 2d 407.