WAINSCOTT *v.* STATE OF INDIANA.

[No. 669S138.  Filed October 14, 1970.  No petition for rehearing filed.]

*Cecil A. Taylor,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson, Aaron T. Jahr,* Deputies Attorney General, for appellee.

GIVAN, J—The appellant was charged with the crime of theft as defined in Burns Ind. Stat. § 10-3030. Trial by court resulted in a finding of guilty of the lesser included offense of exerting unauthorized control over a motor vehicle as defined in Burns Ind. Stat. § 10-3036. Appellant was sentenced to the Indiana State Farm for a period of one year and fined $25 and costs.

The evidence stated in the record is as follows:

On November 24, 1967, one Ellard Jackson reported that his 1964 Ford Thunderbird had been taken from a parking lot. On that same date Police Officer Robert Dodd received a radio dispatch from the Marion County Sheriff's Department describing Mr. Jackson's automobile and reporting that it had been stolen. Shortly thereafter Officer Dodd observed an automobile of that description traveling on Interstate 465 in the vicinity of Emerson Avenue exit. Officer Dodd entered in pursuit and turned on his red light to signal to the driver of the vehicle to stop. Instead of stopping the driver of the vehicle increased his speed from 70 miles per hour to 120 miles per hour. Officer Dodd pursued the vehicle for some eight minutes at speeds varying in the above range. The driver of the pursued vehicle lost control and crashed at the Greenfield exit to U. S. Highway No. 40.

Following the crash the appellant and his companion one Jay C. Martin fled from the vehicle. The appellant was apprehended while running from the wrecked vehicle. The automobile was identified in evidence as the one belonging to Mr. Jackson and which had been taken from its place of

parking. Mr. Jackson testified that he had not given the appellant permission to drive the vehicle.

The appellant first states there is no positive proof that it was the appellant who was driving the vehicle at the time of apprehension, and that it was possible that appellant's companion, Jay C. Martin, was in fact the driver. We see no merit to appellant's contention in this regard in this court. We have said on many occasions that we would not weigh the evidence on appeal but will accept only that evidence most favorable to the decision of the trial court. *Smock* v. *State* (1966), 247 Ind. 184, 213 N. E. 2d 896, 7 Ind. Dec. 579.

Officer Dodd specifically testified at the trial that it was the appellant who was driving the vehicle. We see no error in the trial court's determination that it was in fact appellant who was the driver. The fact that there was testimony in the case that Martin had been seen driving a car fitting the description of Mr. Jackson's car may well be true. Whether the trial court did or did not believe that Martin had been driving the car has no bearing on what the court's finding of fact was as to who was driving at the time of the pursuit and the following arrest.

Appellant also claims there is insufficient evidence of ownership of the vehicle. Officer Dodd testified that the registration was checked with the Indiana State Police and they found from said check that the car was registered to Mr. Jackson. In addition, Mr. Jackson testified that his automobile, which he described as being a black '64 two-door Thunderbird, had been stolen. This was sufficient evidence from which the trial court could reasonably find that the vehicle which appellant was driving at the time of the pursuit and subsequent apprehension was the automobile owned and reported stolen by Mr. Jackson.

The trier of fact was also justified in taking into consideration the fact that appellant attempted to elude apprehension

after being signaled by Officer Dodd to stop, and after leading the officer on a high speed chase and wrecking the car, further attempted to escape on foot. All of this was circumstantial evidence of guilt. *Greentree* v. *State* (1969), 253 Ind. 91, 251 N. E. 2d 835, 19 Ind. Dec. 111; *Reno* v. *State* (1967), 248 Ind. 334, 228 N. E. 2d 14, 11 Ind. Dec. 43; *Fletcher* v. *State* (1949), 227 Ind. 687, 88 N. E. 2d 146.

We find no error committed by the trial court. The judgment is, therefore, affirmed.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., concurs in result.

NOTE.—Reported in 262 N. E. 2d 633.