SMITH v. STATE OF INDIANA.

[No. 1169S267. Filed February 10, 1971. No petition for rehearing filed.]

*Michael T. Dugan, II,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Mark Peden, Walter E. Bravard, Jr.,* Deputies Attorney General, for appellee.

Prentice, J.—Defendant was convicted of rape under Acts of 1941, ch. 148, § 3, (1956 Repl.) Burns' 10-4201, in that he did "* * * unlawfully and feloniously have carnal knowledge of * * *," the complaining witness, "* * * a woman, forcibly and against her will. * * *." The appeal is predicated upon the sufficiency of the evidence, and the further charge by the defendant that he was inebriated to the extent of being incapable of either the act of sexual intercourse or of the specific intent for the rape.

The evidence disclosed that the complaining witness voluntarily entered the vehicle operated by one Rubin, in which defendant was a passenger and that she voluntarily rode and drank some beer with them. It further disclosed that, on one occasion, defendant and Rubin offered to let her out and she refused because of the heavy traffic at that point along the road and that ultimately, the parties drove to a secluded spot where the defendant stood behind the automobile, urinated, and drank beer for from twenty to thirty minutes while Rubin had sexual relations with the complaining witness inside the vehicle.

There is conflicting testimony on the points of whether or not defendant also had sexual relations with the complaining witness and whether or not the act of intercourse between Rubin and her was against her will.

Without here restating each point raised by defendant, we shall proceed to answer the same.

When the sufficiency of the evidence is raised as an issue on appeal, this Court has often stated that it will look only

to that evidence and the reasonable inferences therefrom which support the findings of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89.

The conviction will be affirmed if, from that viewpoint, there is evidence of probative value from which the trier of facts could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

The complaining witness unequivocally identified the defendant as one of the two men who by violence and threats of violence had sexual intercourse with her against her will. It is the law of this state that a conviction for rape may be had solely upon the testimony of the prosecuting witness and victim. *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649.

Appellant would contend that the evidence showed the prosecuting witness to be an immoral person. Assuming such to be the case, it would, nevertheless, go to her credibility only. *Montgomery* v. *State* (1967), 249 Ind. 98, 229 N. E. 2d 466.

We cannot say that there is no evidence in the record of probative value from which the trial court could reasonably infer that the appellant was guilty beyond a reasonable doubt.

As to defendant's contention that he was incapable, by reason of inebriation, of the act of intercourse or of the specific intent required for rape, other than for the defendant's declaration, the record is devoid of any evidence of his intoxication to such degree. And the burden was upon him to prove such condition, if it did, in fact, exist.

Although the burden is upon the State to prove the guilt of the defendant, and such burden does not shift, after a prima facie case of guilt has been made out, the burden of adducing evidence devolves on him. Also, he has the burden of proving affirmative defenses. 22A C.J.S.,

§ 573 and cases there cited; *State* v. *O'Dell* (1918), 187 Ind. 84, 118 N. E. 529. This includes the affirmative defense of intoxication. 22A C.J.S., § 577 and cases there cited.

Defendant has also raised the question of whether or not the complaining witness' act of intercourse with Rubin was against her will, contending that he could not be convicted as an accessory if such act by Rubin was not, in fact, a rape. Having determined that there was evidence from which the trial court could properly convict the defendant of having physically committed the rape himself, we need not enter upon the accessory question.

The judgment of the trial court is affirmed.

Arterburn, C.J. and DeBruler, Givan and Hunter, JJ., concur.

NOTE.—Reported in 266 N. E. 2d 216.