ROBERT STEVEN YEARY *v.* STATE OF INDIANA.

[No. 271S31. Filed September 14, 1971.
Rehearing denied October 26, 1971.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Stephen D. Clase,* Deputy Attorney General, for appellee.

ARTERBURN, C. J.—On June 4, 1970, the appellant was charged by Indictment, in the Marion Criminal Court, with the rape of a female person. The appellant was taken in custody on June 4, 1970, and was held to bail in the sum of

five thousand [$5,000.] dollars. On June 9, 1970, appellant requested a reduction in his bond to two thousand [$2,000.] dollars, which was granted by the court. On June 24, 1970, appellant waived arraignment and pleaded "Not Guilty." Appellant requested and was granted a jury trial, set for October 5, 1970. At the conclusion of all the evidence, the jury returned a verdict of guilty. The court passed sentence on the appellant as follows:

> ". . . The Court now sentences Defendant Robert S. Yeary, age 23, to the Indiana State Reformatory for two [2] to twenty-one [21] years and costs."

The record discloses that the prosecuting witness, an eighteen [18] year old girl, testified as to the following facts. On February 26, 1970, the girl was waiting on a street corner in Indianapolis to catch a bus as she did every evening to return to her home after work. While waiting on the street corner, the appellant and his brother stopped the small van-type truck in which they were riding and asked the girl if she would like a ride. The girl accepted the offer and got into the truck, after one of the men alighted so she could sit between them. As there were only two seats in the truck, the girl had to sit on the raised area between the two seats, which covered the engine. After some idle chatting, the appellant put the girl on his knee whereupon she told him she wanted off his knee and slid back to her seat on the engine covering. A short while later, the appellant asked the girl to kiss him, and she refused, and he pulled her down asking again for a kiss. The appellant and his brother drove past the point where the girl had told them she wanted off, near her home. Shortly thereafter, the appellant asked the girl to get into the open rear area of the truck. When she refused both men pushed her into the rear of the van. The appellant's brother who had been driving the truck put his body on top of the girl to hold her down. After stopping the truck, the appellant entered the rear of the truck and told the girl to

remove her clothes, which she refused to do. The appellant then took the girl's clothes off of her and forcibly had sexual intercourse with her. The brother then switched places with the appellant, and he too had forcible intercourse with the girl. The girl screamed and resisted the men but could not defend herself. The windows of the truck were high and closed and the rape took place on the floor of the truck where no one could see from the outside. The appellant offered a contradictory statement of the facts but admitted having sexual intercourse with the girl, who he alleged consented and accepted five dollars payment for the act from each of the brothers.

Appellant sets forth seven propositions, each alleging commission of error by the trial court. Appellant, in the first three of his propositions, urges that there was insufficient evidence to support his verdict. Specifically, appellant contends that the State failed to prove that the rape of the girl was without her consent, that her testimony alone, without corroborative evidence was not sufficient proof of the offense. In reviewing this allegation this Court will not weigh the evidence nor resolve the questions of credibility, but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict of the trial court. *Washington* v. *State* (1971), 257 Ind. 40, 271 N. E. 2d 888, *Davis* v. *State* (1971), 257 Ind. 46, 271 N. E. 2d 893, *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407, *Sharp* v. *State* (1970), 254 Ind. 435, 260 N. E. 2d 593, *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558, and *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611. The evidence clearly shows that there was carnal knowledge of the girl, a female person. Further, the evidence most favorable to the State, the testimony of the raped girl, shows that the carnal knowledge was with force and against her will. Thus, all the elements of the offense were supported by sufficient evidence. Also, this court holds that the uncorroborated testimony of the victim alone, is sufficient evidence to support

the conviction of the defendant charged with rape. *McCormick* v. *State* (1971), 256 Ind. 78, 267 N. E. 2d 78; *Smith* v. *State* (1971), 255 Ind. 687, 266 N. E. 2d 216, *Grimm* v. *State* (1970), 254 Ind. 150, 258 N. E. 2d 407; *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479; *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649; *Abshire* v. *State* (1927), 199 Ind. 474, 158 N. E. 227.

Appellant in his forth proposition contends that the trial court committed substantial error which materially contributed to the verdict, when it made several rulings regarding the admissibility of certain evidence. To support his contention, the appellant has failed to present in his briefs any argument or citations and as a result has not complied with Appellate Rule 8.3 (A) (7).

In the appellant's fifth proposition he urges that the trial court erred in giving several final instructions over his objection. Again, appellant has failed to show how he was injured by the alleged erroneous giving of the instructions and has cited no authority to support his contentions, thus, he has waived these errors on appeal.

Appellant's proposition number six alleges that the trial court erred in refusing to give his tendered instructions, number two, three, and four. First, as to instruction number two, appellant has failed to show how he was injured by the court's refusal to give his tendered instruction number two, perhaps because it was impossible to do so as instruction number one given by the court, was substantially the same as appellant's tendered instruction number two. For two reasons appellant's contention, as to his tendered instruction number two, must fail. First Appellate Rule 8.3 (A), *supra,* provides that the alleged error is deemed waived when the appellant fails to show how the alleged error injured him. Second, where a tendered but refused instruction is substantially the same as an instruction given by the court, such refusal cannot constitute error. *Doss* v. *State* (1971),

256 Ind. 174, 267 N. E. 2d 385; *Lambert* v. *State* (1969), 252 Ind. 441, 249 N. E. 2d 502. Without setting out the instructions, we find that appellant's tendered instruction number two is substantially the same as instruction number one given by the court. As to appellant's tendered instruction number three we again must point out that the appellant has failed to show how he was injured by the court's refusal to give his tendered instruction number three, thus failing to comply with Appellate Rule 8.3(A), *supra,* and thereby waiving the error on appeal. Appellant erroneously cites *Diblee* v. *State* (1931), 202 Ind. 571, 177 N. E. 261, where this court held it was reversible error for the trial court to refuse to give the appellant's instruction, similar to the appellant's instruction number three in the instant case, instructing the jury to consider "hearsay" testimony, of statements made by the prosecuting witness to third parties in the presence of the defendant, only to explain and account for the defendant's conduct. In the instant case there was no "hearsay" testimony given by any witness, of any statements made by the prosecuting witness to third persons, in or out of the presence of the appellant, therefore, the tendered instruction was improper and unnecessary and properly refused by the trial court. There were only four witnesses who testified in the State's case in chief, and none testified as to any statements made to them by the prosecuting witness, the raped girl. Appellant's tendered instruction number four reads as follows:

> "Evidence has been presented as to the moral character of the prosecuting witness, Nora Gray, as to her reputation for chastity. This evidence is competent evidence for two purposes:"
>
> "*First,* it is evidence for you, the jury, to consider together with all the evidence in this case for the purpose of affecting her creditibility as a witness and a circumstance to aid you in determining what weight or credit you would attach to her testimony. Second, it is competent evidence for you, the jury, to consider, as a circumstance, together with all of the other evidence in the case, to determine

where or not said Nora Gray consented to sexual intercourse, if any was had and as charged."

Appellant cites *Diblee* v. *State* (1931), *supra*, which held, inter alia, that it was reversible error for the trial court to refuse to give an instruction tendered by the defendant therein, which was substantially the same as appellant's instruction number four, set forth above. While this court permitted the singling out of the testimony of the prosecuting witness in the *Diblee* case, we have since consistently held that such is reversible error and have sub silentio overruled this portion of the decision in *Diblee* v. *State, supra.* In *Swanson* v. *State* (1944), 222 Ind. 217, at 219, 52 N. E. 2d 616, this court quoted with approval the following language from *Fletcher* v. *State* (1909), 2 Okla. Cr. 300, 101 p. 599.

"We think it is error for the court to single out any special witness, personally, and burden his testimony with any suggestions which might indicate to the jury that in the opinion of the court such witness was liable to testify falsely. Instruction as to the credibility of witnesses should be general, and apply equally to all of the witnesses for the state and the defendants alike. Because a witness may be the defendant is no reason why he should be visited with condemnation upon the one hand, or clothed with sanctity upon the other. He is before the court as a witness, and should be treated by both the court and the jury just as other witnesses are treated—no better and no worse."

Further, in *McDonough* v. *State* (1961), 242 Ind. 376 at 383, 384, 175 N. E. 2d 418, this court made the following statements regarding the giving of instructions as to the credibility of a single witness:

"The jury in this State is the sole judge of the credibility of a witness, and the court has no right to invade that province . . . 'Whether an instruction in a criminal case is erroneous as invading the province of the jury is to be tested by the question whether the court intimates its opinion as to the credibility of witnesses or weight to be given the testimony . . .' " *Bohan* v. *State* (1924), 194 Ind. 227, 239, 141 N. E. 323.

"Instructions two and four were properly refused because they singled out the witness Mogiler personally."

"In this State it is error to single out the testimony of any one specific witness, and instruction on credibilities should be directed to all of the witnesses generally. . ."

It was not reversible error for the trial court to refuse to give appellant's tendered instruction number four, singling out the prosecuting witness. An instruction as to the credibility of witnesses generally would have been proper. See also *Pritchard* v. *State* (1967), 248 Ind. 566, 230 N. E. 2d 416.

Finally, appellant urges that the trial court erred when it failed to conduct a hearing to resolve a conflict of the parties, as to the existence of a written statement made and signed by the prosecuting witness. During cross examination by the appellant's counsel of the prosecuting witness, she testified that she had made a statement to the police, concerning the alleged rape. Upon appellant's motion, the court ordered the prosecution to produce the statement. The prosecution did not produce the statement, alleging that it had no such statement. The appellant did not request a hearing on the existence of the statement, as to whether or not the prosecuting attorney had in his possession or under his control such a statement. Under the circumstances we find no error in the trial courts action.

Judgment of the trial court is affirmed.

Givan, Prentice, Hunter, JJ., concur; DeBruler, concurs in result.

NOTE.—Reported in 273 N. E. 2d 96.