Laroy R. McFARLAND, Appellant,

v.

STATE of Indiana, Appellee.

No. 982S352.

Supreme Court of Indiana.

Dec. 1, 1983.

Joseph M. Dietz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from convictions for rape, Ind.Code § 35–42–4–1, kidnapping, and robbery. Appellant received sentences for these offenses of ten years, thirty years, and thirty years, respectively.

The gravamen of the offenses was that appellant and another man forced their way

into a car driven by a woman, took over the wheel, and drove to a deserted alley. There appellant beat her with his belt and sexually assaulted her. He contends in this appeal that the evidence serving to establish the statutory element of sexual intercourse was wholly insufficient to support the finding of guilty. Appellant argues that the evidence of penetration of the victim was weak and equivocal. In addressing this issue, an appellate court such as this cannot weigh the evidence or resolve questions of credibility. It must look to the evidence and reasonable inferences therefrom which support the finding, and from that viewpoint, affirm the conviction if there is evidence of probative value from which a reasonable trier of fact could infer all the elements of the offense charged beyond a reasonable doubt. *Glover v. State,* (1970) 253 Ind. 536, 255 N.E.2d 657.

On direct examination, the woman testified:

"Q. What happened next?

A. He kneeled down on his knees and pulled his pants down the rest of the way and I believe he had blue Jockey shorts on, and at that time he proceeded to get down and told me to move my hips around back and forth and at that time I started yelling for I believe it was mother.

Q. At that time did he rape you vaginally?

A. Yes he did.

Q. Did his penis enter your vagina?

A. I think it missed its mark a couple of times and I believe it did.

Q. It did enter your vagina?

A. I think so yes.

     \*    \*    \*    \*    \*    \*

Q. Prior to the time that he got in the car and went off, did he attempt anal intercourse with you?

A. In the shed. In between the vaginal penetration I believe he tried anal penetration and it was not successful, but he did try."

On cross-examination she testified:

"Q. I didn't understand when you talked about the actual incident in the garage. You said you believed penetration was made?

A. Are you talking vaginally or anally?

Q. Well let's say both.

A. Right. It is a very difficult thing to figure out. I am a college education person ---

COURT: Why don't you separate your question and ask if there was vaginal penetration, yes or no, and then when you have that clarified, go to the anal penetration so there won't be confusion.

Q. Why did you say you believed there was vaginal penetration?

A. As well educated as I am in the field of science, it still—I would venture to say yes, there was penetration but I am still not familiar with the whole act.

Q. You are not familiar with the whole act? What does that mean, 'act'?

A. Sexual intercourse.

Q. So you are saying you aren't sure whether there was penetration or not?

A. He was penetrating, yes he was, but I don't know whether he ejaculated or not.

COURT: Just answer yes or no. He didn't ask you that. I understand it is a sensitive area, but just answer yes or no.

A. I am sorry. Yes, he did penetrate."

In Indiana the uncorroborated testimony of the victim of a rape is sufficient to support the conviction of appellant.

"It is the law of this state that a conviction for rape may be had solely upon the testimony of the prosecuting witness and victim." *Smith v. State,* (1971) 255 Ind. 687, 266 N.E.2d 216.

Appellant argues that the witness was unfamiliar with the act of sexual intercourse and did not know for certain, but only thinks that penetration occurred. There is an ebb and flow in the level of certainty of the witness and some confusion. However, when considered in its entirety, it is marked with a directness, an explicitness, and a persuasiveness. We hold

that the evidence adduced at the trial from this witness was sufficient to prove penetration of the victim's sex organ by that of appellant, and the element of sexual intercourse.

The convictions are affirmed.

GIVAN, C.J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.