JEROME ELLISON *v.* STATE OF INDIANA.

[No. 676S190. Filed March 29, 1977.]

*Dolores Goldman,* of Merrillville, for appellant.

*Theodore L. Sendak,* Attorney General, *Susan J. Davis,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was charged by indictment with the crime of second-degree murder. A trial by jury resulted in a verdict of guilty as charged and the jury set the penalty at 15 to 25 years imprisonment. The court however sentenced appellant to life imprisonment.

The record reveals the following facts: At about 4:30 a.m. on January 25, 1975, appellant went to the house of Marie Johnson and told her that he had just killed a woman and had put her body in the trunk of the victim's car. Appellant told Johnson that the victim was one of two girls with whom he was riding, who tried to rob him at gunpoint.

Later that day appellant and his roommate, Michael Johnican, brought some records, tapes and a T.V. set to Johnson's house. Appellant told Johnson that he was going to report a burglary of his apartment and say that those items and his gun were stolen.

Michael Johnican testified that when he returned home on January 25, 1975, he found the furniture out of place, a lot of blood in the kitchen, blood stains on the carpet in the living room and blood stains on the kitchen curtains. Johnican found bullet slugs in the kitchen and dents in the kitchen cabinet that could have been caused by a bullet. Johnican also found a lady's purse in the dining room which contained a wallet with an identification card bearing the name of Connie Tanner.

While Johnican was cleaning the apartment, appellant entered. Appellant related that he had been playing cards with Tanner and that an argument developed because appellant wanted to quit and she did not want him to. Appellant told Johnican that the victim then pulled a gun on him and that he shot her before she could shoot him.

Appellant gave a written confession, which he refused to sign, stating that he and Connie Tanner were high on mari-

juana and pills and were playing cards when she took his gun to look at it. Appellant stated that in trying to take the weapon from her it discharged and then he continued to shoot at her until the gun was empty. Connie Tanner's body was found in the trunk of her car. An autopsy established the cause of death as multiple gunshot wounds to the head and chest.

Appellant raises as error the denial of his amended motion to correct errors. That motion alleged the following errors: (1) that the court erred by allowing into evidence the unsigned statement of the defendant; (2) that the court erred in the conduct of the trial by allowing the admission of inadmissible evidence; (3) that the court erred in denying defendant's motion for a directed verdict; (4) that the verdict of the jury was manifestly against the weight of the evidence; and (5) that the court committed an error at law by imposing upon the defendant a sentence that was in excess of the verdict returned by the jury. Appellant now argues only specification number (5); thus the other issues are waived. *Brown* v. *State*, (1969) 252 Ind. 161, 247 N.E.2d 76.

In imposing sentence the court made the following comments:

> "I have indicated earlier this morning that I consider that the recommendation of a jury to be advisory in nature and not binding on the court, and what disturbs me about your case, Mr. Ellison, is the fact that the decedent in this case was shot nine (9) times with a six (6) shot weapon. It seems to me to be an unusually aggravated situation."

The court erred in this regard. IC 35-8-2-1 [Burns 1975] provides as follows:

> "When the defendant is found guilty the jury, except in the cases provided for in the next three [two] sections, must state, in the verdict, the amount of fine and the punishment to be inflicted; where the plea is guilty, or the trial is by the court, the court, subject to the same exception, shall assess the amount of fine and fix the punishment to be inflicted."

This Court has previously interpreted the above statute as giving the jury alone, except in certain cases, the power to set the punishment. See *Kelsie* v. *State*, (1976) 265 Ind. 363, 354 N.E.2d 219 and *Shewmaker* v. *State*, (1956) 236 Ind. 49, 138 N.E.2d 290.

The State urges that IC 35-8-1A-9 [Burns 1975] (pre-sentence report) implies that the penalty imposed by a jury is merely advisory in nature. However this Court has recently held that the pre-sentence report statute does not apply in jury trials. *Pulliam* v. *State*, (1976) 264 Ind. 381, 345 N.E.2d 229.

For the above reasons the trial court erred in imposing a sentence of life imprisonment. The case is remanded to the trial court with instructions to amend the judgment and sentence to conform to the jury's verdict.

DeBruler, Hunter and Prentice, JJ., concur; Arterburn, J., not participating.

NOTE.—Reported at 360 N.E.2d 1256.