ROBERT LEWIS HENSON *v.* STATE OF INDIANA.

[No. 876S274. Filed December 27, 1977.]

*Charles W. Grubb, Esquire,* of Cedar Lake, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

GIVAN, C.J.—Appellant was convicted of the crime of second degree murder by a jury. The jury assessed a penalty of 15 to 25 years. However the trial judge, upon sentencing, sentenced the appellant to life imprisonment.

The record reveals the day after appellant's mother-in-law was found stabbed to death in appellant's apartment, he entered the local police station and voluntarily stated that he had killed her. Thereafter, the officer who had investigated the homicide read appellant his constitutional rights and appellant signed a waiver form. Appellant stated that he had returned to his apartment the previous day, placed a knife to the throat of his mother-in-law, forced her to disrobe and that she tried to resist him. Later he attempted to wash the blood from the knife. In his statement appellant did not actually state that he had killed his mother-in-law.

Appellant first contends the evidence was insufficient to sustain the verdict. On appeal this Court will look only to the evidence most favorable to the State and all reasonable inferences therefrom. *Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E.2d 776. The conviction

will be affirmed so long as there is substantial evidence of probative value from which the jury could have inferred the defendant committed the offense. *Turner* v. *State,* (1972) 259 Ind. 344, 287 N.E.2d 339.

In the case at bar the evidence is more than sufficient to support the verdict of the jury. In addition to the testimony of the officer who took appellant's voluntary statement, appellant's wife and a cab driver who took him home also gave testimony which corroborated his statements to the police officers. There is ample evidence in the record before us upon which the jury could base its verdict of guilty beyond a reasonable doubt.

Appellant also claims the trial court erred in ignoring the jury's penalty of 15 to 25 years and imposing a sentence of life imprisonment. This precise issue was recently decided by this Court in *Ellison* v. *State,* (1977) 266 Ind. 114, 360 N.E.2d 1256. In that case this Court held that IC § 35-8-2-1 [Burns 1975], gives the jury alone the power to impose sentence. Consequently the judge's imposition of a sentence different from that of the jury was erroneous. The trial court erred in imposing a life sentence.

Appellant also claims the trial court erred in overruling his motion for a directed verdict.

The State presented sufficient evidence on each of the elements of the offense to establish a *prima facie* case. The trial court therefore did not err in overruling appellant's motion for a directed verdict. See *Carroll* v. *State,* (1975) 263 Ind. 696, 338 N.E.2d 264; *Holliday* v. *State,* (1970) 254 Ind. 85, 257 N.E.2d 679.

For the foregoing reasons this cause is remanded to the trial court with instructions to amend the sentence to conform to the verdict of the jury. The trial court is in all other things affirmed.

DeBruler, Hunter, Pivarnik and Prentice, JJ., concur.

·NOTE.—Reported at 370 N.E.2d 898.