Jerry **HASKETT**, Appellant,

v.

**STATE of Indiana**, Appellee.

No. 978S197.

Supreme Court of Indiana.

Sept. 28, 1979.

Donald R. Peyton, Lebanon, for appellant.

Theodore L. Sendak, Atty. Gen., Gordon R. Medlicott, Deputy, Indianapolis, for appellee.

DeBRULER, Justice.

Jerry Haskett was convicted of rape in violation of Ind.Code § 35–13–4–3, repealed effective October 1, 1977, following a trial by jury and was sentenced to a fifteen year determinate term of imprisonment. On appeal appellant contends that the evidence was insufficient to convict and that he was denied the right to have the jury assess his punishment.

Appellant was charged with having raped one Sophronia Stewart. He contends that the evidence presented by the State was not sufficiently substantial to support the jury verdict. In determining this question we do not weigh the evidence nor resolve questions of credibility but look to the evidence and reasonable inferences therefrom which support the verdict. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which a reasonable trier of fact could infer that appellant was guilty beyond a reasonable doubt. *Glover v. State*, (1970) 253 Ind. 536, 255 N.E.2d 657; *Mitchell v. State*, (1977) Ind., 366 N.E.2d 183.

The evidence upon which the jury could have based its verdict showed the following. The declared victim resided in Lebanon, Indiana with her husband and son Jimmy. Appellant had been acquainted with the son Jimmy for some four years prior to the date of the alleged attack on April 8, 1976, and during their acquaintance had visited the Stewart residence on several occasions. At the time the son Jimmy was in trouble with the police, and appellant went to the Stewart residence in the afternoon and took Mrs. Stewart to the grocery store, and at about 7:00 p. m. drove her husband to work. He then returned to the house where Mrs. Stewart was alone and entered without permission, and stayed there with Mrs. Stewart throughout the evening, drinking vodka. She asked him repeatedly to leave the house, but he ignored these requests, until finally he said to her that she needed a boyfriend. She replied that she did not, and became frightened and made a move toward the front door of the house. Appellant then grabbed her and began choking her and shoved her screaming into the bedroom, where he told her to shut up and threatened to hit her in the face. He shoved her onto the bed where he continued to grab her roughly, removed one leg from her underclothing and engaged in sexual intercourse with her. On first opportunity she fled the house and he thereupon left in his truck.

Four days later she was examined by a physician who testified that he found a bleeding point on the vaginal wall which required cauterization. He was unable to state the cause of this bleeding. Mrs. Stewart was sixty-one years old at the time. A pair of size 38 jockey shorts found by the police under the bed in the Stewart residence were introduced into evidence. Mrs. Stewart testified that she kicked these shorts under the bed during the attack and that her husband wore no shorts and that her son wore shorts in sizes 30 and 32. An officer testified that appellant wore size 36 jockey shorts while in jail awaiting trial.

Appellant testified in his own defense that he was present in the Stewart residence alone with Mrs. Stewart at the time of the attack described by Mrs. Stewart, but that he did not touch her or have sexual

relations with her. He attributed statements to her which raised the implication that she trumped up the rape charge against him because she blamed him for her son's imprisonment.

■ The conviction here rests upon factual assertions by the declared victim which were not supported by proof from other sources. Appellant complains that the longstanding rule of this Court expressed in such cases as *Beard v. State*, (1975) 262 Ind. 643, 323 N.E.2d 216, and *Smith v. State*, (1971) 255 Ind. 687, 266 N.E.2d 216, that a rape conviction may rest entirely upon the uncorroborated testimony of the prosecuting witness and victim is unfair. Statements made to this effect in appellate opinions are starkly simplified. Actually they are based upon the further unspoken premise that the weight of the evidence, the credibility of the witnesses, and the ultimate guilt or innocence of the accused are to be determined by the trier of fact. It is the right of the jury as trier of fact to believe the sworn verbal assertions of the prosecuting witness, *Wedmore v. State*, (1957) 237 Ind. 212, 143 N.E.2d 649, after having observed those assertions being made and after having heard the astute argument of defense counsel, and after having been properly instructed by the court, and after due collective consideration of all the evidence presented for their consideration. Viewed in this greater context the application of the standard appellate rule for reviewing the sufficiency of evidence to convict to rape convictions resting upon the uncorroborated testimony of victims is no more likely to result in unfairness to the accused in rape cases than in other cases.

■ Appellant contends further that the proof presented by the victim's testimony was inherently improbable and runs counter to human experience. *Thomas v. State*, (1958) 238 Ind. 658, 154 N.E.2d 503. Appellant complains of the fact that the alleged victim did not contact her neighbors, husband, or the police immediately after the attack, could not remember specific dates while testifying, and was inconsistent with her prior deposition to a degree.

These contentions are properly directed to the weight of the evidence and did not render her testimony incredible as a matter of law. *Grimm v. State*, (1970) 254 Ind. 150, 258 N.E.2d 407. The evidence presented a question for the determination of the jury and it was sufficient to support the jury's conclusion that appellant is guilty of rape beyond a reasonable doubt.

■ We turn to the latter issue. Indiana Code § 35–8–2–1, provided:

"[W]hen the defendant is found guilty, the jury . . . must state, in the verdict the amount of fine and the punishment to be inflicted . . . ."

This statutory provision, where applicable, gives the jury alone the power to fix a punishment. *Kocher v. State*, (1979) Ind., 389 N.E.2d 18; *Henson v. State*, (1977) Ind., 370 N.E.2d 898; *Ellison v. State*, (1977) 266 Ind. 114, 360 N.E.2d 1256. It grants the accused in a criminal jury trial the statutory right to have his punishment determined by a jury of his peers. *Kelsie v. State*, (1976) 265 Ind. 363, 354 N.E.2d 219; *West v. State* (1950) 228 Ind. 431, 92 N.E.2d 852; *Limeberry v. State*, (1945) 223 Ind. 622, 63 N.E.2d 697. The rape statute pursuant to which appellant was charged and stands convicted establishes a determinate term of imprisonment upon conviction. According to caselaw construing Ind.Code § 35–8–2–1 through § 35–8–2–3, the jury assessment right clearly applies and is available where as here a determinate term of years can result on conviction. *Kocher v. State, supra* ; *Todd v. State*, (1948) 226 Ind. 496, 81 N.E.2d 530. This same statutory right remained viable at the time appellant was tried and sentenced in 1978, although the statute which had enacted it had been previously repealed as such right was expressly retained by the repealing enactment for proceedings such as appellant's which had been commenced prior to October 1, 1977, namely in this case, in 1976. The verdict rendered by the jury below reads in full:

"We, the jury, find the defendant, Jerry Haskett, guilty of rape.

Dated Jan. 4, 1978

Karen B. McGinnis
Foreman"

After it was rendered the presiding trial judge followed the sentencing procedures, newly enacted in 1977, in West's Ann.Ind. Code § 35–4.1–4–1, and also applied the sentencing criteria set forth in that same enactment in fixing appellant's sentence at fifteen years. It is apparent from the verdict and the procedure followed by the trial court that error occurred when the trial court rather than the jury sentenced appellant.

■ The State in its brief argues that any error occurring when the judge rather than the jury fixed appellant's sentence was waived because appellant did not include mention of such error in his motion to correct errors as required by Ind.R.Tr.P. 59. We do not agree. Appellant in his general allegations of error stated:

> "2. That the Court committed uncorrected error of law in sentencing of the Defendant."

And in his accompanying state of facts and grounds upon which such error was based, he had this to say:

> "The sentence imposed as a result of the Jury's verdict is illegal. Defendant, Haskett, was sentenced pursuant to the revisions of the penal code which did not become effective until October 1, 1977. However, the alleged crime took place in 1976 prior to the new code's effective date. Therefore, the appropriate sentence was governed by statutory enactments predating the present Indiana Penal Code."

The loss of the right to jury sentencing in many felony cases worked by the new penal code was a central and widely discussed development. It was a final and dramatic break from past legal principle and tradition. Appellant referred in the plural to "statutory enactments predating the present Indiana Penal Code" relating to the legality of his sentence. Such reference would naturally encompass the matter of the appropriate length of such sentence and the locus of the authority to fix such sentence and upon this basis we find that the issue was not waived by failure to present it in the motion to correct errors.

■ The rape statute referred to above which was applicable to appellant's case provided for a determinate period of imprisonment of not less than two nor more than twenty-one years. Since the jury did not fix a penalty in its verdict as required by law, the judge's sentence of fifteen years is unquestionably invalid insofar as it exceeds two years, the minimum period of imprisonment provided for by the statute. *Kelsie v. State, supra*; *Shoemaker v. Dowd*, (1953) 232 Ind. 602, 115 N.E.2d 443; *Palmer v. State* (1926), 198 Ind. 73, 152 N.E. 607. Before us, appellant has requested either a new trial or a reduction of his sentence to a determinate term of two years. We, therefore, affirm appellant's conviction and remand this case to have the sentence corrected to a determinate period of two years.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.