James Robert LINDER, Appellant,

v.

STATE of Indiana, Appellee.

No. 483S132.

Supreme Court of Indiana.

Dec. 2, 1983.

Richard Walker, Anderson, for appellant.

Linley E. Pearson, Atty. Gen., Robert K. Johnson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was charged with two counts of child molestation. The first count alleged he engaged in sexual intercourse with a child under twelve. The second count charged he engaged in deviate sexual conduct with a child under the age of twelve. He was convicted on Count II and sentenced to twenty (20) years of imprisonment.

The victim, C.W., an eight year old girl, lived with her mother and the mother's boyfriend, the appellant. Over the course of three years the appellant engaged in deviant sexual conduct with the victim. The child had informed her mother and aunt that the appellant had licked her in the genital area. Later she informed her maternal grandmother of the incident and the grandmother and mother sought help. The victim and her mother began to visit a mental health center. Occasionally the appellant would accompany the mother and child on these visits and was interviewed by the staff of the center.

In addition to those on the staff of the center, the victim was interviewed by various medical and police officials. She told these officials about the incidents which had occurred between her and the appellant. She told a deputy the appellant had licked her and "put his wiener in her." She told a doctor the appellant had made her bleed in the vaginal area and that he had

licked her for three years. A doctor's examination revealed her hymen was not intact but there was no scarring of the vaginal area.

Appellant's first issue is that the court erred in not granting appellant's Motion for a Change of Venue. The same motion was renewed shortly before trial and was denied without a hearing. Following the selection of the jury the trial was recessed for the weekend. Over that weekend two stories appeared in the local paper which made reference to the prior record of the appellant including his prior arrest for the same charges he faced. On Monday the appellant again sought a change of venue. The judge polled the jurors individually concerning whether or not they had seen the articles. He also asked if any had discussed the article with someone who had read it. Lastly, he asked each juror if anything had occurred over the weekend to cause them not to be a fair and impartial juror. The judge ascertained the story had not influenced the jurors and denied the motion. The appellant again renewed the motion and requested a hearing on the matter. This was also denied. Appellant now contends he was entitled to a hearing on his motion and that the motion should have been granted.

■ The granting of a motion for a change of venue is governed by Ind.R.Cr.P. 12 and is reviewable only for abuse of discretion. Appellant argues a hearing should have been held on the second Motion for Change of Venue. He cites *Hanrahan v. State,* (1968) 251 Ind. 325, 241 N.E.2d 143 to support this position. *Hanrahan* states it would be an abuse of discretion to deny a petition for change of venue without affording the defendant a hearing or an opportunity to present evidence in his behalf. The purpose of such a hearing is to allow the defendant to demonstrate what prejudice has occurred. Appellant was not given a formal second hearing. However, he certainly was given an opportunity to present the articles to the attention of the judge. In addition the judge did take action to determine if the appellant had, in fact, been

harmed by the articles and determined no harm was apparent. We see no error in this process. The appellant's interests were protected by the actions of the trial judge.

■ In addition the Court notes the failure of the appellant to provide an adequate record for the use of the Court. The record provided contains no copies of the alleged prejudicial articles or any other materials to show the prejudice of the jury. The appellant has the duty to provide evidence to support his contentions. *Smith v. State,* (1981) Ind., 422 N.E.2d 1179. The only evidence is the transcript which reveals the trial judge took appropriate actions to protect the interest of the appellant.

■ Appellant's second issue is that the charging information was unconstitutionally vague and did not define the crime with sufficient certainty. The portion of the information in question stated, "James Robert Linder did perform deviate sexual conduct, to-wit cunnilingus with C.W. who was then under the age of twelve." The appellant sought at trial to have the charge dismissed for failure to apprise the appellant of the charge. He maintained the term cunnilingus was vague and failed to provide notice to the appellant of the charge. The trial court denied appellant's motion but did provide the jury with a definition of deviate sexual conduct. The definition of deviate sexual conduct provided would include the common meaning of the term in question. In *Estes v. State,* (1964) 244 Ind. 691, 195 N.E.2d 471, this Court found the phrase, "the abominable and detestable crime against nature with a boy" was not unconstitutionally vague. We hold the term cunnilingus is not vague. The trial judge committed no error in denying the Motion to Dismiss.

■ Appellant's third issue concerns testimony given by Bonnie Smith, an employee of the mental health center. Appellant had talked with Smith on a few occasions at the center in conjunction with Smith's work with the victim. Prior to her testimony the judge ruled I.C. § 31–6–11–18 [Burns 1980 Repl.] abrogated any privilege of communi-

cation between the medical practitioner and the client in cases dealing with child abuse. During her testimony Smith sought to refresh her memory by looking at her own notes and records from the center. The court allowed her to do so and the appellant did not object to this activity. On appeal he asserts Smith's view of the records amounted to the release of the records and such release is governed by the following statute:

"31–6–11–18. Reports, photographs and information confidential—Persons entitled to access.—(a) Reports made under this chapter, and any other information obtained, reports written or photographs taken concerning such reports in the possession of the department, the county department of public welfare, or the local child protection service are confidential and shall be made available only to those persons authorized by this chapter and to:

\* \* \* \* \* \*

"(8) A court, upon its finding that access to the records may be necessary for determination of an issue before the court, but access is limited to in camera inspection, unless the court determines that public disclosure of the information contained in the records is necessary for the resolution of an issue then pending before it; . . . ." [IC 31–6–11–18, as added by Acts 1979, P.L. 276, § 55.]

Appellant argues the judge made neither of the two required findings pursuant to the statute to release these records. We find the review of the records by Smith to refresh her memory is a distinguishable act from the introduction of such records into evidence. The transcript does not reveal any attempt to introduce these records in whole or in part into the evidence of this trial. The review of the records by an employee to refresh her memory does not require a finding by the judge as to the propriety of the release of medical records pursuant to I.C. § 31–6–11–18.

■ Appellant's fourth issue concerns a limited waiver of immunity granted to the victim's mother. The mother agreed to tes-

tify against the appellant if the State would agree not to use that testimony against her in her pending child neglect trial. The agreement was entered into evidence and the text of the agreement was read to the jury.

After appellant's trial the mother sought to have the charges pending against her dismissed. She contended she thought she had been granted a full immunity in exchange for her testimony. The State objected to the motion. However, the judge granted the motion. In ruling the judge said, "Without regard to the actual offer of the State it must now be bound by the representation which is reasonably interpreted by the defendant as an offer of dismissal and justice requires the pending charge be dismissed." The appellant now argues the court's granting of the Motion to Dismiss is tantamount to the existence of a full waiver of immunity. Further he maintains the State had a duty to place this full immunity waiver before the court. Failure to present the real agreement, he contends, misled the jury and prevented appellant's counsel from adequately questioning the witness.

We find this argument without merit. The State did not hide the existence of the agreement as it knew the agreement to be. The fact a judge later dismissed the action over the objection of the State does not change the nature of the agreement in a prior case. The State fulfilled its duty to the court and the appellant by making known the agreement as it existed at the time of trial.

■ Appellant's fifth issue concerns the trial court's determination that the eight year old victim was competent to testify. I.C. 34–1–14–5 [Burns 1973] provides a child under ten is presumed not to be competent unless they understand the nature and the obligation of the oath. This determination is within the discretion of the judge, and when he has had an opportunity to observe the demeanor, maturity and intelligence of the child, the court will review only for an abuse of discretion. *Bowers v. State,* (1982)

Ind.App., 435 N.E.2d 309. The test for this determination is:

"whether the child understood the difference between telling a lie and telling the truth; and whether the child knew that she would be punished for telling a lie. On review for abuse of discretion, we said, "If there is some evidence in the record of the voir dire examination from which the trial court could have inferred that [the five-year-old witness] understood 'the nature and obligation of an oath', then this court must affirm the ruling." *Staton v. State,* (1981) Ind., 428 N.E.2d 1203, 1206.

The judge questioned C.W. outside the presence of the jury and ascertained she did know the difference between telling a lie and telling the truth. The judge then questioned the girl concerning what happens when a person does not tell the truth.

Appellant maintains the victim's answers do not show she understood those who lie in court can be punished as required by the second portion of the *Staton* test. We disagree. The questions and answers indicate she understood people could get in trouble for lying and that is sufficient to meet the test.

■ Appellant's sixth issue also concerns the victim's possible testimony and the discretion of the judge. When the girl took the stand, the judge made the following statement in the presence of the jury:

"Judge Carroll: C____, you remember that you and I had conversation yesterday?

 \* \* \* \* \* \*

"I also want to remind you that yesterday you promised me that any questions you answer today, you'd be careful to be truthful about them. You remember that? Okay. I want you to answer me out loud now. Will you promise me and all of these folks that you will be truthful at all the answers that you give. Mr. Tucker and Mr. Woolbert are going to ask you the questions today instead of me, but will you promise all of us, and I want you to answer out loud, will you

promise all of us that you will be truthful in your answers.

"C____: Yes." (R. 420–21.)

Appellant contends the comment improperly invaded the province of the jury to determine the credibility of the testimony. He maintains the testimony could lead the jury to only one conclusion, that the court had reviewed the victim's testimony at a prior time and was now satisfied the testimony was true. Such an act is equivalent to the court placing its stamp of approval on the credibility of the witness. Appellant cites *Kennedy v. State,* (1972) 258 Ind. 211, 280 N.E.2d 611.

The statement was not an interrogation of a witness but rather an attempt by the judge to swear in the witness by reminding her of her earlier promises to be truthful. This Court is mindful of the age of the child and the judge's desire to place this child in an environment which would be conducive to the establishment of the truth. We do not find the comments to be the offering of an opinion on the credibility of the witness.

■ Appellant's seventh issue concerns his Motion to Dismiss Count I of the information which alleged the appellant had sexual intercourse with the victim. A motion to that effect was made after the State finished its presentation of evidence. The judge took the motion under advisement. The motion was renewed following the appellant's presentation of evidence and again no final ruling was made. The judge submitted the issue to the jury and they found the appellant not guilty as to that count.

Appellant asserts the failure to rule on the motion resulted in the jury being placed in a position where it might have reached a compromise verdict. We do not agree.

From the point of view of the appellant, the failure to provide a ruling was the equivalent to the denial of the motion as it placed the issue before the jury. In reviewing the denial of a motion for a directed verdict we have said:

"A motion for a directed verdict is more properly denominated a motion for judgment on the evidence. In order for the

trial court to sustain such a motion, there must be a total absence of evidence or a finding that the evidence is without conflict and leads to only one inference which is in favor of the accused. *Sanders v. State,* (1981) Ind., 428 N.E.2d 23; *Norton v. State,* (1980) Ind., 408 N.E.2d 514. If the State presents sufficient evidence on each element of the crime thereby establishing a *prima facie* case, then the trial court commits no error by overruling a motion for judgment on the evidence. *Burkhalter v. State,* (1979) [272] Ind. [282], 397 N.E.2d 596; *Henson v. State,* (1977) 267 Ind. 424, 370 N.E.2d 898." *Jackson v. State,* (1983) Ind., 446 N.E.2d 344, 346.

In reviewing the testimony we find a doctor testified the victim's hymen was not intact. In addition others testified as to comments the victim had made to them as they interviewed her during the course of the investigation. Among these statements were, the appellant made her bleed in the vaginal area and that he put his "wiener" in her. We believe, even in the absence of the victim's direct testimony, there was evidence that the appellant attempted intercourse. The judge did not err in allowing the question to go to the jury. It cannot be said this is a matter in which there is a total absence of evidence to support the allegation of intercourse.

 Appellant's last issue is that he was denied effective assistance of counsel. The test of adequate assistance of counsel is the mockery of justice standard as modified by the requirement for adequate legal representation. *Tessely v. State,* (1982) Ind., 432 N.E.2d 1374. There is a presumption that counsel is adequate. *Tessely, supra.* Isolated poor strategy, bad tactics or inexperience of trial counsel does not necessarily amount to ineffectiveness. *Tillman v. State,* (1982) Ind., 432 N.E.2d 407.

 Among his contentions are that counsel failed to timely and properly insist that the court make rulings on the motions to dismiss Count I, to conduct *voir dire* on the child to determine her competency to testify, to assert an insanity defense, to

insist on psychological examinations of the appellant and to adequately prepare for the sentencing hearing. These contentions are ones this Court has categorized as strategy or tactics. Based upon the outlined tests we can see no mockery of justice created by this counsel's assistance.

The trial court is in all things affirmed.

All Justices concur.